Alma MINYARD *v.* DAKING MILL, INC.

80-74                                           599 S.W.,2d 742
Supreme Court of Arkansas
Opinion delivered June 16, 1980

*Pryor, Robinson, Taylor & Barry*, for appellant.

*Jim D. Spears*, for appellee.

JOHN I. PURTLE, Justice. The trial court directed a verdict for the appellee at the close of the appellant's presentation in a suit for damages alleged to have been caused by appellee's breach of an employment contract with appellant.

Appellant argues on appeal that the trial court erred in granting appellee's motion for a directed verdict. We agree.

Appellant had been employed by appellee as secretary-treasurer for 24 years until May 12, 1978, when the stockholders voted to accept her resignation. At the same meeting the stockholders passed a resolution directing the officers of the corporation to enter into an agreement with the appellant allowing her to continue on the payroll, at her present salary, for a period of 14 months. She was to perform only such services as might be required of her, and the president of the company complied with the resolution in the form of a letter dated May 24, 1978.

Appellant received her salary until August, 1978, at which time her employment was terminated with two weeks pay. She had registered for unemployment compensation shortly before May 12, 1978; but, upon being notified of her new contract, she withdrew her application for unemployment benefits. She also rejected a job offer because she wanted to be available for any duties required by appellee. In fact, she did on one occasion perform some services for the appellee before her termination on August 4, 1978. The appellant testified that she remained available to perform any services that might be requested by the appellee.

The appellant stated her employment was terminated because Mr. and Mrs. Cunningham (principal shareholders of the corporation) returned, and Mrs. Cunningham filled appellant's position with the company.

There is no letter of resignation by appellant in the record. Obviously, she was notified her resignation would be accepted, and the stockholders (the Cunninghams) voted to accept her resignation and continue her salary for 14 months.

The only question here is whether there was sufficient evidence to go to the jury. In that regard the question boils down to whether or not there was consideration necessary to create a binding contract of employment.

The test on review in the matter of a directed verdict is to give the evidence of the losing party its strongest probative force in considering whether there is a question for the jury on the issue of facts. *Harper* v. *Mo. Pac. Rd. C.*, 229 Ark. 348, 314 S.W. 2d 696 (1958). It is necessary that there be consideration in order to have a valid contract. *Johnston* v. *Missouri Pacific Railroad Co., Thompson, Trustee*, 203 Ark. 1036, 160 S.W. 2d 39 (1942). If there be no consideration there is no enforceable contract. *Gatlin* v. *Goodgame*, 209 Ark. 867, 192 S.W. 2d 878 (1946).

The stockholders voted to accept appellant's resignation and to continue her employment at the same meeting and as a part of the same transaction. By the terms of the resolution, the appellant was required to perform any services required by the appellee, and, in fact, she did on at least one occasion, go back and do some work. She also withdrew from the unemployment field and rejected a job offer. Furthermore, she held herself ready to perform any services required by the appellee. The letter of August 4, 1978, specifically stated her employment was terminated as of the date of the letter.

We think the evidence above-stated is sufficient to present a question for the jury.

Reversed and remanded.