FIRST AMERICAN NATIONAL BANK
*v.* COFFEY-CLIFTON, INC.

82-65                                          633 S.W.2d 704

Supreme Court of Arkansas
Opinion delivered June 1, 1982

*Blevins & Pierce,* by: *Robert E. Marston,* for appellant.

*Brazil, Roberts & Clawson,* by: *Charles E. Clawson, Jr.,* for appellee.

FRANK HOLT, Justice. Appellant brought this action for the collection of a third party's debt which had been guaranteed by the appellees. In March, 1979, Ruth Millien purchased a used mobile home from the appellee and executed a conditional sales security agreement for the balance of the indebtedness. Thereupon, the appellee assigned with recourse its rights in the agreement to the appellant. In conjunction therewith, the appellee executed a guaranty agreement promising payment of any balance due in the event Millien defaulted. Millien became delinquent in her payments and filed for bankruptcy after the effective date of the 1978 Federal Bankruptcy Act. This default triggered an acceleration clause in the security agreement causing the balance of $3,273.61 to become due and payable. The bankruptcy court found the property to have a value of $2,000 and approved a payment plan for Millien as a bankrupt. The appellant then filed this action to enforce the guaranty agreement when the appellee refused to pay the balance due.

Appellee responded that the appellant was estopped to assert its rights pursuant to the appellee's guaranty of the indebtedness, because appellant failed to participate or make any effort to preserve its interest at the bankruptcy hearing. All material facts were stipulated and no testimony was presented. Based upon the pleadings, the interrogatories, exhibits, and the stipulation, appellant moved for a summary judgment which the court denied. The court found that the appellant had complied with the provisions of appellee's guaranty, and appellee had failed to honor it; even so, the trial court held that the Federal Bankruptcy Act is unconstitutional as applied here; that the act deprived the appellee of property without due process of the law and interfered with the contractual relationship of the parties. The court ordered that any losses suffered by the appellant and the appellee be borne equally.

We first consider appellant's contention that the Federal Bankruptcy Act has not unconstitutionally interfered with the contractual relationship existing between appellant and appellee. In other words it is inapplicable. We agree. A guaranty is a collateral undertaking by one person to answer for the payment of a debt of another. *Gulf Refining Co.* v. *Williams Roofing Co.*, 208 Ark. 362, 186 S.W.2d 790 (1945); 38 Am. Jur. 2d Guaranty § 2. A guarantor is one who makes a contract, distinct from the principal obligation, to be collaterally liable to the creditor if the principal fails to perform. Williston on Contracts 3rd, § 1211 (1967). The undertaking of the principal debtor is independent of the promise of the guarantor. *Coombs* v. *Heers*, 366 F. Supp. 851 (D.C. Nev. 1973). Upon default of the principal debtor and satisfaction of conditions precedent to liability, promise of guarantor becomes absolute. *National Bank of Washington* v. *Equity Investors*, 506 P.2d 20 (Wash. 1973); *Ranier Nat. Bank* v. *Lewis*, 635 P.2d 153 (Wash. App. 1981). For a guarantor to become liable under a guaranty of payment, there need only be a failure of the primary obligor to make payment. *In re Waters*, 8 B.R. 163 (1981).

Here, it is undisputed that the principal debtor, Millien, defaulted owing a balance on her contract of $3,273.61; appellee is the guarantor of Millien's loan as alleged by the appellant; and that all conditions precedent to appellee's liability have been satisfied. 11 U.S.C.A. § 524 (e) (1978) provides that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." The committee commentary or notes with respect to this section state that the "discharge of the debtor does not affect co-debtors or guarantors." In *Johnston* v. *Missouri Pacific Railroad Co., Thompson, Trustee,* 203 Ark. 1036, 160 S.W.2d 39 (1942), construing 11 U.S.C.A. § 34 (1898), which is the predecessor and similar to § 524 (e) *supra,* we reiterated: "The rights of the creditor against third partes liable jointly with the bankrupt or secondarily for him are not impaired by the bankrupt's adjudication nor by the bankrupt's discharge." Here, the appellant is not seeking to collect from the principal debtor, Millien. Rather, appellant is proceeding against a separate entity, the appellee, as the guarantor of that indebtedness.

The very purpose of a guaranty agreement is to provide an alternate source of payment in the event of default. In our view the Bankruptcy Act is plainly not applicable to the facts in this case.

We deem it unnecessary to reach or discuss appellant's other contentions concerning the constitutionality of the Bankruptcy Act.

Reversed and remanded with directions to render a summary judgment as sought by the appellant.

Reversed and remanded.