ALLSTATE INSURANCE COMPANY *v.*
Jerry D. MARTENS

CA 81-388                          633 S.W.2d 715

Court of Appeals of Arkansas
Opinion delivered June 2, 1982

*Jones & Segers,* for appellant.

*Herdlinger, Jacoway & Stanley, P.A.,* for appellee.

JAMES R. COOPER, Judge. In August of 1980, tools belonging to the appellee were stolen from a locked metal storage building located on Bridgewater Lane in Fayetteville, Arkansas. The appellee was constructing a new residence for himself on this lot. The storage building was a construction office, temporarily placed on the building site. The appellant had issued a homeowner's insurance policy to appellee, which covered appellee's home and its contents, located on Greenbriar Street, Springdale, Arkansas. The appellee made demand on the appellant for payment under the policy. The appellant denied liability, and this lawsuit resulted. The trial court found in favor of the appellee, and entered a judgment for damages, statutory penalty and attorney's fees. The appellant appeals from the trial court's decision.

The homeowner's policy on the Greenbriar Street home[1] is written in "plain language" and provides, in part, as follows:

Part 2 — Coverage C
Personal Property Protection
We Will Cover:
1 Personal property owned or used by an *insured person* anywhere in the world. ...

     \*    \*    \*

We do not cover:
b) theft in or from a dwelling under construction, or of materials and supplies for use in construction, until the dwelling is completed and occupied. . .

We must construe the words used by the parties as they are taken and understood in their plain and ordinary meaning. *Farm Bureau Mutual Ins. Co.* v. *Milburn*, 269 Ark. 384, 601 S.W.2d 841 (1980). This is especially appropriate where the insurance policy itself is written in "plain language".

The appellant argues that the insurance policy did not cover the appellee's loss. The appellant contends that the loss was excluded because it was a "theft in or from a dwelling under construction" or that the tools were "materials and supplies for use in construction".

It is clear that the loss suffered by the appellee is a covered one, unless it is excluded by one of the exceptions. Exclusions are strictly construed against the insurer and in favor of the insured, the reason being that the insurer wrote the policy without any consultation with the insured. *Southern Title Ins. Co.* v. *Oller*, 268 Ark. 300, 595 S.W.2d 681 (1980); *Security Ins. Co. of Hartford* v. *Owen*, 252 Ark. 720, 480 S.W.2d 558 (1972), appeal after remand 255 Ark. 526, 501 S.W.2d 229 (1973).

---

[1] The record does not indicate that any policy was issued on the Bridgewater Lane house, which would provide coverage for this loss.

The tools were not located in the dwelling, and therefore they could not have been taken "in or from" the dwelling. Had the appellant desired, it could have defined "in or from a dwelling" so as to include the entire premises on which the dwelling is located, including outbuildings. It did not do so, and we hold that the loss is covered by the terms of the policy.

We also find no merit to the argument that the tools were "materials and supplies for use in construction." "Materials" are the basic matter (as metal, wood, plastic, fiber) from which the whole or the greater part of something physical (as a machine, tool, building, fabric) is made. Webster's Third New International Dictionary, 1976. Materials enter into and become a part of the structure. Black's Law Dictionary (4th ed. 1968). "Supplies" are things other than labor, which are consumed in, but do not become a physical part of, the structure. Black's Law Dictionary (4th ed. 1968). Tools do not meet either of these definitions. They are not consumed in, nor do they become a physical part of a structure.

The appellant also argues that Part 1, Coverage A, Dwelling Protection excludes coverage in this case, since it excludes "Theft of any property at a dwelling while it is under construction until it is completed and occupied". The appellant did not argue this to the trial court, and cannot raise it on appeal. Further, even if the appellant had raised this issue before the trial court, this provision is inapplicable, since the exclusion applies only to losses which have occurred at the policyowner's "residence premises".

Affirmed.

CORBIN, J., dissents.