## CLEVELAND CHEMICAL COMPANY OF ARKANSAS, INC. *v.* M.G. KELLER

CA 86-107 716 S.W.2d 204

Court of Appeals of Arkansas
Division II
Opinion delivered September 24, 1986

*Shaver, Shaver & Smith*, by: *Tom B. Smith*, for appellant.

No brief filed.

LAWSON CLONINGER, Judge. Appellant, Cleveland Chemical Company of Arkansas, Inc., brought suit against the appellee, M. G. Keller, for $235,597.76, based on a guaranty signed by appellee to secure a corporate line of credit. The lower court dismissed the appellant's complaint, finding that the appellee signed the guaranty in a corporate capacity and not individually. From that ruling appellant brings this appeal, arguing that the lower court erred in failing to find appellee individually liable on the guaranty. We agree and reverse.

Appellee, M. G. Keller, is the primary shareholder and president of Keller Chemical Company; the only other shareholder and officer of the corporation is appellee's wife. Appellee

purchased various chemical products from the appellant for resale, and on July 30, 1974, appellee signed a guaranty in order for appellee's corporation to receive a line of credit from appellant. The guaranty was executed as follows: "KELLER CHEM. CO., BY: s M. G. Keller". It appears that the lower court incorrectly applied the law, and the order dismissing appellant's claim should be reversed.

 Arkansas Statutes Annotated Section 85-3-403(2)(b) (Add. 1961) provides:

> An authorized representative who signs his own name to an instrument, except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity. . . .

The Arkansas Supreme Court in *Fanning* v. *Hembree Oil Co.*, 245 Ark. 825, 434 S.W.2d 822 (1968) held that a corporate secretary's typing the name of the corporation above his signature on a note without anything to indicate his office or the capacity in which he signed was insufficient to avoid personal liability on the part of such officer. A similar holding was reached in *United Fasteners, Inc.* v. *First State Bank of Crossett*, 286 Ark. 202, 691 S.W.2d 126 (1985), where the Supreme Court held that a signature is only in a representative capacity if the name of the organization is preceded or followed by the name *and* office of an authorized individual. Here, as in *United Fasteners*, there is no evidence, other than the guarantor's own statement, that he intended to sign in a representative capacity and that his failure to indicate "President" after his name "was probably an oversight."

 Additionally, the definition of a guaranty would indicate appellee signed in an individual capacity. A guaranty is a collateral undertaking by one person to answer for payment of a debt of *another* and the undertaking of the principal debtor is independent of the promise of the guarantor. *First American National Bank* v. *Coffey-Clifton, Inc.*, 276 Ark. 250, 633 S.W.2d 704 (1982). If the appellee had signed in a corporate capacity, appellant would have had the guaranty of the corporation to pay its own debt for which it was already obligated; if such were the case, there would have been no need for the guaranty, nor would it

have met the standard definition of a guaranty.

Reversed.

COOPER and CORBIN, JJ., agree.