SHELTER INSURANCE COMPANY *v.* Carl and Lois HUDSON

CA 86-228                                           720 S.W.2d 326

Court of Appeals of Arkansas
En Banc
Opinion delivered December 10, 1986

*Adams Law Firm*, by: *Donald J. Adams*; and *Matthews & Sanders*, by: *Marci L. Talbot*, for appellant.

*Walker & Campbell Law Firm*, by: *Gail Inman-Campbell*, for appellee.

JAMES R. COOPER, Judge. The appellees purchased from the appellant a standard homeowner's policy to cover their home and three outbuildings on thirteen acres in Boone County, Arkansas. The policy language which defined coverage stated that the policy did not cover "structures used to any extent for business purposes" and defined "business" as "any full time or part time trade, profession or occupation." The appellees' barn was damaged by a windstorm, and they filed a claim. The appellant denied coverage because, subsequent to purchasing the policy, the appellees purchased eleven head of cattle which they kept on the premises, and they allowed their son to keep nine head of cattle on the premises. Shelter contended that the appellees were in the cattle business and that there was no coverage for a loss to structures used for business purposes. The trial court, sitting as the finder of fact, found that the limited number of cattle owned by the appellees did not constitute a "business" under the terms of the policy; that there was no evidence that the barn was used in business and awarded a judgment to the appellee for $1,743.00, twelve percent statutory penalty plus their costs and attorney's fees of $500.00. From this judgment, the appellant appeals, contending that the trial court's findings that the business exclusion did not apply is clearly erroneous. We disagree and affirm by memorandum opinion pursuant to section (a) of our per curiam *In re Memorandum Opinions*, 16 Ark. App. 301, 700

S.W.2d 63 (1985).

The law in Arkansas is that a loss suffered by an insured is a covered one unless it is excluded by an exception. *Allstate Insurance Co.* v. *Martens,* 5 Ark. App. 157, 633 S.W.2d 715 (1982). Courts are required to strictly interpret exclusions to insurance coverage and to resolve all reasonable doubts in favor of an insured. *Geurin Contractors, Inc.* v. *Bituminous Casualty Corp.,* 5 Ark. App. 229, 636 S.W.2d 638 (1982). Whether an activity is a business pursuit is almost always a factual question presented for the determination by a court. *U. S. Fire Insurance Co.* v. *Reynolds,* 11 Ark. App. 141, 667 S.W.2d 664 (1984).

Here, the appellant contends that, because the appellee Carl Hudson gave the response "admitted" to the appellant's request "[p]lease admit that the barn described in the plaintiff's complaint was used to help raise cattle," he acknowledged that the barn was used for business purposes. The appellee Hudson, however, did not admit he raised the cattle for business purposes but testified that he purchased eleven cows for grass control purposes and that, when the grass began getting thin, he sold part of them. He also stated that he did not receive rent from his son for allowing him to keep his cows on the property, and, although he could not say that he had not fed the cattle hay from the barn, basically the barn was not used in raising the cattle. The only evidence the appellant introduced to dispute Hudson's testimony was the appellees' 1984 tax return, which indicated that the appellees made a $325.00 profit on their farming operation and took a $6,995.00 farming deduction.

Findings of fact of a circuit court sitting as a jury will not be reversed on appeal unless clearly against a preponderance of the evidence, and in making that determination, we give due regard to the superior opportunity of the trial court to judge the credibility of the witnesses and the weight to be given to their testimony. *Jones* v. *Innkeepers, Inc.,* 12 Ark. App. 364, 676 S.W.2d 761 (1984); ARCP Rule 52(a).

In the case at bar, the trial court made two primary findings of fact: first, that the appellee was not in "business," and second, that the barn was not used in a "business." There is clear and uncontradicted testimony that the barn was not used in any business. No witness testified that the barn was used in any

business. The only substantive evidence that the appellees were involved in the cattle business was provided by the appellees' 1984 income tax return. The conflict in the evidence was for the finder of fact to resolve.

We do not find that the trial court's decision was clearly erroneous or against the preponderance of the evidence.

Affirmed.

GLAZE, J., dissents.