HOOPER-BOND LIMITED PARTNERSHIP FUND III
*v.* Don RAGAR

87-192                                                    742 S.W.2d 947

Supreme Court of Arkansas
Opinion delivered January 25, 1988

*Richard D. Taylor*, for appellant.

*David Hodges* and *Gene O'Daniel*, for appellee.

TOM GLAZE, Justice. The present case is the third appeal before this court involving a successful derivative suit by Don Ragar and Hooper-Bond Limited Partnership Fund III (Limited Partnership Fund III) against Joseph Hooper, Boyd Bond and the Hooper-Bond Partnership for alleged improper acts relating to the Limited Partnership. In the current case, the appellant, Limited Partnership Fund III, is appealing the circuit court's decision to award Don Ragar $20,000 for Christine Ragar's services in preparation for the derivative suit.[1] Appellant raises two points on appeal: 1) Whether the trial court's finding that Christine Ragar's services constituted a proper expense under Ark. Code Ann. § 4-43-1004 (1987), was in error;[2] 2) Whether the amount of compensation awarded Christine Ragar by the trial court is reasonable and supported by evidence.

In his brief, the appellee questions this court's jurisdiction of this appeal, arguing that the order from which appellant appeals is not final and that appellant failed to file a timely appeal. While we find no merit in either of these procedural points raised by the appellee, we do agree with his arguments that the trial court committed no reversible error, and therefore we affirm.

■ Appellant's first point questions whether the services of Christine Ragar constitute a "reasonable expense," under Ark. Code Ann. § 4-43-1004, which provides a court is able to award the plaintiff reasonable expenses when a derivative suit is successful. However, since the appellant raises this argument for the first time on appeal, this court cannot reach the merits of this issue. *See e.g., Polnac-Hartman & Associates* v. *First National Bank,*

---

[1] Appellant is now named Shackleford Street Development Company.

[2] In the appellant's brief, Arkansas Statutes Annotated was cited, but because the Arkansas Code of 1987 Annotated is now effective, we cite to the code parallel reference set out in Tables, Arkansas Code of 1987 Annotated.

292 Ark. 501, 731 S.W.2d 202 (1987); *Puckett* v. *Puckett*, 289 Ark. 67, 709 S.W.2d 82 (1986). The record clearly shows that the appellant questioned below the amount of compensation requested by Christine Ragar, but neither the appellant's pleadings nor argument raised the issue as to whether her services fit the statutory meaning of "reasonable expense." Accordingly, we can not address appellant's first issue.

We do address the merits of appellant's second point concerning whether the trial court erred in the amount of compensation awarded Mrs. Ragar. When examining a trial judge's findings where there is no jury, the standard of review is whether those findings are clearly against a preponderance of the evidence. Furthermore, recognition must be given to the trial judge's superior opportunity to determine the credibility of the witnesses and the weight to be given to their testimony. *See McDermott* v. *Strauss*, 283 Ark. 444, 678 S.W.2d 334 (1984); *Shelter Ins. Co.* v. *Hudson*, 19 Ark. App. 296, 720 S.W.2d 326 (1986); ARCP Rule 52(a).

In his motion, appellee Don Ragar requested $35,000 to compensate his wife, Christine Ragar, a real estate agent by profession, for her services in preparation for the derivative suit. At the hearing held to consider the motion, appellee introduced an exhibit which set out a chronology of services and an enumeration of the hours Mrs. Ragar performed and expended. Her time totaled over 700 hours, covering more than a two-year period. She charged $50.00 per hour for her services for which she requested a total fee of $35,000. Appellee called several witnesses who corroborated the time and services Mrs. Ragar performed. Randy Alexander, owner of McKay & Company, Realtors, testified that Mrs. Ragar worked as an independent contractor for his firm, and he related that she was a member of the Million Dollar Club and fell within "the top five percent of the people in the business." Another real estate broker, Victor Hiryek, testified, describing his high regard for Mrs. Ragar's competency and capabilities in the field of real estate. Hiryek said that as a real estate person, he personally had performed consulting work at $75.00 per hour, which he believed was a reasonable fee. Appellant's counsel extensively cross-examined each of these witnesses and, in doing so, successfully showed that Mrs. Ragar's services were not worth the $50.00 per hour fee she sought.

Nevertheless, appellant presented no witnesses to rebut the appellee's value evidence or to otherwise establish the worth of the services Mrs. Ragar performed in this cause.

Based upon the extensive testimony given by the appellee's numerous witnesses, the trial judge made the finding that Christine Ragar's services were substantial and valuable but awarded her $20,000, which is less than $30.00 per hour and $15,000 less than what she requested. Although we may have been inclined to award an amount even less than the $20,000 fixed by the trial court, we are unable to say the court's findings were clearly against a preponderance of the evidence. Therefore, we affirm.