Delbert L. BASS *v.* SERVICE SUPPLY COMPANY, INC.

CA 88-37                                          757 S.W.2d 189

Court of Appeals of Arkansas
Division II
Opinion delivered September 28, 1988
[Rehearing denied October 26, 1988.]

274

*Kit Williams,* for appellant.

*Charles E. Hanks,* and *Gunn & Borgognoni,* by: *Charles E. Young III,* for appellee.

MELVIN MAYFIELD, Judge. Delbert Bass appeals a judgment on a guaranty agreement for appellee, Service Supply Company, Inc. On appeal, appellant argues that the trial court's findings are clearly erroneous. We disagree and affirm.

Since approximately 1970, appellant and his wife, Mary Bass, were the sole shareholders of a corporation entitled Bass Plumbing, Heating & Cooling, Inc. Appellee later began selling materials to Bass Plumbing, Heating & Cooling on open account. After a period of time, in 1983, appellant signed a guaranty agreement for credit extended by appellee to Bass Plumbing, Heating & Cooling. This guaranty provided as follows:

I/WE HEREBY AUTHORIZE SERVICE SUPPLY

COMPANY, INC. THE RIGHT TO RECEIVE ANY INFORMATION PERTAINING TO MY/OUR CREDIT WITH THE ABOVE REFERENCES, BANKS, OTHER CREDITORS OR CREDIT BUREAUS. GUARANTY IS GIVEN BY THE UNDERSIGNED TO SERVICE SUPPLY COMPANY, INC., HEREINAFTER CALLED THE COMPANY, IN ORDER TO INDUCE IT TO EXTEND CREDIT TO, OR OTHERWISE BECOME THE CREDITOR OF THE APPLICANT. I/WE HEREBY GUARANTEE TO THE COMPANY THE PROMPT PAYMENT, WHEN DUE, OF EVERY CLAIM OF THE COMPANY WHICH MAY HEREAFTER ARISE IN FAVOR OF THE COMPANY AGAINST THE APPLICANT. THIS IS A CONTINUING GUARANTY AND SHALL REMAIN IN FORCE UNTIL REVOKED BY ME/US BY NOTICE IN WRITING TO THE COMPANY, BUT SUCH REVOCATION SHALL BE EFFECTIVE ONLY AS TO CLAIMS OF THE COMPANY WHICH ARISE OUT OF TRANSACTIONS ENTERED INTO AFTER ITS RECEIPT OF SUCH NOTICE. THIS OBLIGATION SHALL COVER THE RENEWAL OF ANY CLAIMS GUARANTEED BY THIS INSTRUMENT OR EXTENSIONS OF TIME OF PAYMENT THEREOF, AND SHALL NOT BE AFFECTED BY ANY SURRENDER OR RELEASE BY THE COMPANY OF ANY OTHER SECURITY HELD BY IT FOR ANY CLAIM HEREBY GUARANTEED. I/WE CERTIFY THAT I/WE HAVE READ, UNDERSTAND, AND AGREE TO THE TERMS AND CONDITIONS ABOVE AND ON THE REVERSE SIDE OF THIS APPLICATION.

In signing the guaranty, appellant did not indicate his title or position with Bass Plumbing, Heating & Cooling. After the guaranty was signed, appellee continued to sell materials on open account to Bass Plumbing, Heating & Cooling. In 1986, Bass Plumbing, Heating & Cooling changed its name to Bass Mechanical Contractors, Inc. No other changes were made in the corporate structure, and notices were sent to the corporation's creditors informing them of the name change. Bass Mechanical

Contractors continued to purchase materials on open account from appellee.

In 1987, appellee sued appellant as personal guarantor for the debts of Bass Mechanical Contractors in the amount of $19,398.61 and relied upon the guaranty executed by appellant in 1983. After trial, the circuit court found that there was proper consideration for appellant's guaranty because appellee promised to extend credit to the company although they were under no obligation to do so; that appellant signed the guaranty in his individual capacity; and that the name change of the corporation was not a material change and did not extend appellant's liability beyond the express limits or terms of the guaranty agreement. Judgment was entered for appellee in the amount of $18,010.98 plus interest and costs.

For his first point, appellant argues that the circuit court's finding that there was adequate consideration for the guaranty agreement is clearly erroneous and clearly against a preponderance of the evidence. The findings of fact of a circuit court sitting as a jury will not be reversed on appeal unless clearly against a preponderance of the evidence, and in making that determination, we give due regard to the superior opportunity of the trial court to judge the credibility of the witnesses and the weight to be given their testimony. *Shelter Insurance Co.* v. *Hudson*, 19 Ark. App. 296, 720 S.W.2d 326 (1986).

A guaranty is a collateral undertaking by one person to answer for the payment of a debt of another; for a guarantor to become liable under a guaranty of payment, there need only be a failure of the primary obligor to make payment. *First American National Bank* v. *Coffey-Clifton, Inc.*, 276 Ark. 250, 633 S.W.2d 704 (1982). *See Cleveland Chemical Co. of Arkansas, Inc.* v. *Keller*, 19 Ark. App. 7, 716 S.W.2d 204 (1986). A guaranty contract may be supported by sufficient consideration so long as there is a benefit to a principal debtor or guarantor, or a detriment to the guarantee. *Shamburger* v. *Union Bank of Benton*, 8 Ark. App. 259, 650 S.W.2d 596 (1983). Consideration is any benefit conferred or agreed to be conferred upon a promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered by a promisor other than such as he is lawfully bound to suffer. *McIlroy Bank & Trust Co.* v. *Comstock*, 13 Ark. App. 13,

678 S.W.2d 782 (1984).

■ Appellant argues that there was no consideration to support the guaranty because appellee had extended credit to Bass Plumbing, Heating & Cooling for years before 1983, and no further benefits or incentives were given to the corporation to induce appellant to sign the guaranty agreement in 1983. We disagree. When appellant signed the guaranty agreement in 1983, appellee was not legally obligated to extend further credit to Bass Plumbing, Heating & Cooling. After appellant signed the agreement, appellee did in fact extend further credit to the corporation. The trial court's finding that this was sufficient consideration for the guaranty is not clearly erroneous or clearly against a preponderance of the evidence, and we affirm on this point.

■ For his second point, appellant argues that the trial court erred in finding that the guaranty, to pay the debts for Bass Plumbing, Heating & Cooling, could be extended to require payment of the debts of Bass Mechanical Contractors. "The rule in Arkansas with respect to an interpretation of a guaranty agreement is that the guarantor is entitled to have his undertaking strictly construed and he cannot be held liable beyond the strict terms of his contract." *Shamburger, supra*, at 262. *Moore* v. *First National Bank*, 3 Ark. App. 146, 623 S.W.2d 530 (1981). In *Moore*, we followed the well-settled principle that a material alteration in the obligation assumed, made without the assent of the guarantor, discharges him.

In the case at bar, appellant points out that he refused to execute a new guaranty at appellee's request after the corporation's name was changed. We are not persuaded by this argument. The guaranty agreement, which appellant admitted signing, stated that it was a continuing guaranty and would remain in force until revoked by the guarantor by notice in writing to appellee. Appellant admitted at trial that he had not revoked this guaranty in accordance with its terms. Further, appellant made the following admission of fact which was introduced into evidence:

> 4. Admit that Bass Mechanical, Inc. formerly known as Bass Plumbing, Heating & Cooling, Inc. owes to Plaintiff [appellee] the sum of $19,398.61. If you deny this

> request then please state in detail why you deny it and also state how much the said Bass Mechanical Contractors, Inc. formerly known as Bass Plumbing, Heating & Cooling, Inc. does owe to Plaintiff. DENIED. Corporate records indicate that the corporation is indebted at no more than $18,010.98 to plaintiff.

The evidence shows that the name change of Bass Plumbing, Heating & Cooling, Inc., to Bass Mechanical Contractors did not change the identity of the corporate entity to which appellee extended credit. As Mary Bass admitted at trial, the name change was effected "[s]imply because we were doing real good. We thought it would be a very professional sounding name. . . . That's all there was to it." Other than the change of name, no changes were made in the structure of the corporation.

> Generally speaking, a change in the corporate name does not make a new corporation, and, whether effected by special act or under a general law, has no effect on the identity of the corporation, or on its property, rights, or liabilities . . . . The corporation continues, as before, responsible in its new name for all debts or other liabilities which it had previously contracted or incurred, and is also entitled to enforce contracts made or other liabilities incurred to it before the change; so, the enforceability of a contract of guaranty is not affected by a change in the name of the corporation in whose favor the guaranty runs. [footnotes omitted]

18 C.J.S. *Corporations* Section 171 f(1) (1939). "An authorized change in the name of a corporation has no more effect on its identity as a corporation than a change of name of a natural person has upon his identity; the corporation's identity remains unchanged." 18A Am. Jur. 2d *Corporations* Section 288 (1985).

We find no error in the trial court's finding that appellee was not extending appellant's liability beyond the express terms of the guaranty agreement.

Affirmed.

COOPER and COULSON, JJ., agree.