F. S. ELLIS, Judge pro tern.
Defendant George A. Caldwell was general contractor for the construction of certain work at Francis T. Nicholls State College at Thibodaux, Louisiana, and the Great American Insurance Company was the surety on the bond which was filed in connection with the contract. T. M. Belgarde, d/b/a Bayou Millwork Company, submitted a bid for the millwork in connection with the job. The bid was accepted and, under date of September 6, 1960, a purchase order was issued by Caldwell to Bayou Millwork, specifying the millwork which was to be furnished. Any installation or work at job site was specifically excluded from the purchase order, and it is undisputed that all of the materials supplied were installed at the job site by Caldwell. A portion of the millwork was cut to job specifications by United States Plywood Corporation, on order of Bayou Millwork, and was delivered to the job site. This suit is brought for the purchase price of these materials.
In connection with the work which it furnished, Bayou Millwork had to prepare and submit for approval detailed shop drawings of the various work which they were to furnish.
Although Caldwell, his surety, and Bayou Millwork are named as parties defendant in the petition, the record does not reveal that service was ever made on any of them. However, answers were filed on behalf of George A. Caldwell and Great American Insurance Co. Therefore, T. M. Belgarde, d/b/a Bayou Millwork, is not a party to the case. The record also reveals that, although certain relevant facts were to have been placed in the record by a signed stipulation between counsel, no such stipulation between counsel appears therein. The record is devoid of any evidence that plaintiff ever did any work or furnished any materials to Bayou Millwork. There is nothing to show the value of the materials allegedly furnished, except for a statement and invoice attached to the petition, neither of which were ever introduced in evidence.
The District Judge, apparently operating under the assumption that these facts would be stipulated to by counsel, rendered a decision dismissing plaintiff’s demand at its cost, from which decision plaintiff prosecuted this appeal.
Plaintiff claims that he is a sub-contractor, and that under the following language contained in R.S. 38:2247, he has a right of action against the defendants in this case. R.S. 38:2247 reads as follows:
“Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor within one year from the registry of acceptance of the work or of notice of default of the contractor; ex *132 cept that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action 'against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recor-dation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana.” R.S. 38:2247.
Plaintiff claims that, since they had a direct contractual relationship with Bayou Millwork, and since Bayou Millwork was a subcontractor, it has a right of action against Caldwell and his surety as provided by the above act.
The defendants, on the other hand, take the position that Bayou Millwork was not a subcontractor, but rather a furnisher of materials, and does not come within the purview of R.S. 38:2247. This case, therefore, turns on the question of whether or not Bayou Millwork was in fact a subcontractor or a furnisher of materials. In the case of Jesse F. Heard & Sons v. Southwest Steel Products, 124 So.2d 211 (La.App.1960), the courts were faced with a similar situation. In that case, Industrial Fabricators, Inc., agreed with the prime contractors to furnish specially fabricated steel according to specifications, and to deliver such finished material to the job site. There was no contract for the installation of the materials furnished. The material was actually furnished by Southwest Steel Products under a contract with Industrial Fabricators, Inc., and was delivered by them. As stated in that case at page 220:
“It seems to this Court clear that as is indicated in Phillips on Mechanic’s Lien, as hereinabove referred to, that the question of determining whether the person is a sub-contractor or simply a materialman depends upon the nature of his contract obligation. As stated in that work, there is a palpable distinction between a contract to erect or in being a sub-contractor and a contract to furnish toward the erection or being simply a furnisher of materials. And one who contracts to put up the building or one of its leading divisions, its brickwork, its woodwork or its steelwork is not a mere workman or ma-terialman, but is in fact, under the decision of law, a sub-contractor, whereas one who is simply employed to furnish materials, whether such materials be manufactured or not and whether he be required to transform or fabricate such materials into a condition where it meets the requirements of the contract and the specifications, is nonetheless a materialman and is not employed in any way to erect or put up any part of the building or of its primary divisions and is, therefore, simply a materialman. Under the settled law of this State, a materialman who furnishes material to a materialman, has no right to a lien.”
After reviewing the evidence in this case, the District Court found that Bayou Mill-work Company was not a sub-contractor, but was in fact a materialman, and that under the holding in the Heard case, supra, plaintiff herein had no right of action against the general contractor or his surety. We believe that this finding is completely supported by the law and the evidence in this case.
The judgment of the District Court is, accordingly, affirmed.
Affirmed.