278 So.2d 510 (1973)
REFRACTORY CONSTRUCTION, INC., Plaintiffs-Appellants,
v.
CITIES SERVICE OIL COMPANY et al., Defendants-Appellees.
No. 4183.
Court of Appeal of Louisiana, Third Circuit.
May 30, 1973.
Camp, Carmouche, Palmer, Carwile and Barsh by Karl E. Boellert, Lake Charles, for plaintiffs-appellants.
Scofield, Bergstedt & Gerard by Robert L. Dow, Lake Charles, for defendants-appellees.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This case involves a suit for the recognition of a privilege or lien under the Private Works Law by plaintiffs, Refractory Construction, Inc., and Industrial Gunite, Inc., against defendants, Cities Service Oil Company, et al. From a ruling by the trial court sustaining defendants' motion for a summary judgment, plaintiffs appeal suspensively.
The issue presented for our determination follows: Does the Private Works Law afford protection to one who supplies materials to or performs labor for a materialman? Finding no such protection under the applicable statute, we affirm the judgment appealed.
Material facts necessary for the disposition of this case follow: On March 3, 1971, Cities Service Oil Company, contracted with Procon, Inc., whereby Procon was to construct a Hydrobon Platforming Unit on property owned by Cities Service in Calcasieu Parish, Louisiana. This contract was not recorded. Procon Company then sub-contracted with the Lummus Company for heaters and heater stacks required *511 in the Hydrobon Platforming Unit. In connection with this work, the Lummus Company contracted with A.I.F., Inc. for fabrication and lining of three heaters and a heater stack.
A.I.F. contracted with Refractory Construction and Industrial Gunite, appellants, for the supplying and applying of refractory materials for the three heaters and related equipment. The work consisted primarily of the application of concrete linings in the three heaters. A.I.F., a Texas corporation, is now defunct. Total consideration for the work performed by appellants was approximately $24,000; this amount remains unpaid.
The work performed by appellants took place in A.I.F.'s yard in Houston, Texas, but the heaters and stack were ultimately incorporated into the Hydrobon Platforming Unit in Lake Charles, Louisiana.
After it became apparent that appellants were not going to receive payment from A.I.F., notification was given to Lummus that if appellants did not receive payment soon, liens would be filed against Cities Service. Not receiving relief, on January 28, 1972, and March 8, 1972, Refractory and Gunite, respectively, recorded liens in Calcasieu Parish, Louisiana. Suits were filed thereon with plaintiffs claiming a lien and privilege pursuant to LSA-R.S. 9:4801, et seq. Made defendants were: Cities Service Oil Company, Procon, Inc., Lummus Company and A.I.F., Inc.
All defendants, except A.I.F., filed answers; a preliminary default was eventually taken against A.I.F. On motion of Refractory Construction, the trial court ordered the cases consolidated for trial.
The applicable provision of the Private Works Law is Section 4812, paragraph 3; it reads:
"Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim which cause of action shall prescribe one year after the date of said recordation. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent." (Emphasis ours).
As a basis for the establishment of the lien and privilege, appellants allege: (1) that petitioner furnished labor, equipment and materials in connection with the supplying and application of refractory materials delivered to the Lake Charles Plant of Cities Service Oil Company; (2) that the specific refractory work done was fully detailed on the plans prepared by the Lummus Company; (3) that the refractory work was done at the plant of A.I.F., Inc.; (4) that the finished products were delivered to the Lake Charles Refinery of Cities Service Oil Company; (5) that within 60 days after the delivery of the products to the appellees, petitioner filed for recordation in the office of the Clerk of Court an affidavit of its claim, which affidavit is recorded.
Cities Service, Procon, and Lummus filed a motion for a summary judgment; in support of their motion, appellees place reliance in the following Admissions of Fact filed by appellants:
"(a) All of the alleged labor and materials furnished by appellants took place on the premises of AIF, Houston, Texas, pursuant to a contract had solely between appellants and AIF;
(b) At no time during the performance of their respective contracts with AIF were appellants in privity of contract with Cities Service, Procon or Lummus, or any of their agents, servants or employees;

*512 (c) Neither appellant had anything whatsoever to do with the delivery, installation or erection of the three heaters or stack at the jobsite in Calcasieu Parish, Louisiana."
Additionally, affidavits filed in evidence show that no employee, representative or agent of appellees supervised any of the work performed by appellants.
Liens are stricti juris. They are in derogation of common rights, and, as in the case with laws creating them, must be strictly construed. Their effect may not be extended by implication or the application of equitable considerations. Pringle Associated Mortgage Corporation v. Eanes, 254 La. 705, 226 So.2d 502 (1969); and Lumber Products, Inc. v. Crochet, 244 La. 1060, 156 So.2d 438 (1963).
We find the statute is free of ambiguity as regards the question here considered. Pursuant to the cited statute, it is essential to the creation and existence of a lien that the material incorporated into the work be furnished "to or for a contractor or subcontractor" doing the work.
In the case of Patterson v. Lumberman's Supply Company, 167 So. 471 (La.App. 2nd Cir., 1936), it was held that the supplier of a materialman held no lien under Louisiana Acts 1926, No. 298. The court in that case relied upon Sections 1 and 12 of that Act and the stricti juris rule to reach that conclusion. We find no wording in the present statute which would justify a departure from this result. Therefore, the statute as presently worded affords protection to a materialman who supplies a sub-contractor, but not to one who supplies another materialman. The same rule applies with respect to those who perform labor for sub-contractors as contrasted with those who perform labor for materialmen.
Appellants argue in brief: the simplicity of this approach breaks down in the face of a sophisticated project, such as construction of an industrial plant. We disagree. It is necessary to give the statute the interpretation we have given it here for, as we have noted, such an act is in derogation of common rights and must be rigidly construed in favor of the parties whose common rights are affectedthe owner of the property, his ordinary and other creditors.
In a well-reasoned opinion, the trial judge intelligibly stated the following:
"The statute involved in this case is R.S. 9:4812, which states in pertinent part:
`Any person furnishing service or material or performing any labor ... to or for a ... subcontractor,..., shall have a personal cause of action against the owner for the amount of his claim...'
"Under this statute a party must deal in some way with a subcontractor. Thus the key question in the present case is to determine who is a sub-contractor.
"Subcontractor" was defined in Executive House Building, Inc. v. Demarest, 248 So.2d 405 (La.App. 4th Cir., 1971), as follows:
`"Subcontractor" has a welldefined meaning in building contracts, and as used in its technical sense it means one who takes from the principal contractor a specific part of the work, and does not include laborers or materialmen.'
"Applying the strict interpretation rules required by the Supreme Court:
"Refractory Construction and Industrial Gunite dealt with A.I.F. A.I.F. contracted with Lummus, a subcontractor who in turn dealt with Procon, the general contractor under the definition above, because (1) A.I.F. did not take a specific part of the work from the general contractor, and (2) A.I.F. was a `materialman'.

*513 "Since the plaintiffs here admit that they dealt directly with A.I.F., and since A.I.F. was not a subcontractor, the plaintiffs cannot claim a lien against the owner. (And the statute cannot be extended or enlarged for reasons of equity or simply because a complex industrial contract was involved.) Therefore, the motion for summary judgment should be granted." (Emphasis theirs).
We agree with the trial judge; the facts of the present case do not bring the appellants within the limitations and protections of the above-cited statutory provision. Appellants dealt exclusively with A. I.F. and looked to it for payment of the account until conditions impelled it to resort to the course it did to protect its rights. Appellants simply sold its goods to a materialman, and, this being true, have no lien to secure payment.
From the above, we conclude, as did the trial judge, there was no legal basis for the creation of a lien or privilege. Hence, the judgment sustaining the motion for a summary judgment was proper. It is accordingly affirmed at appellants' costs.
Affirmed.