336 So.2d 922 (1976)
LEONARD B. HEBERT, JR. & CO., INC.
v.
Honorable Edmond E. KINLER, Jr., Clerk of Court, and Capitol Steel, Inc.
No. 7458.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1976.
Rehearing Denied September 14, 1976.
*923 Wray & Robinson, Bert K. Robinson, Baton Rouge, for plaintiff-appellant.
Cordell H. Haymon, Baton Rouge, for defendant-appellee.
Before REDMANN, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Plaintiff-in-rule, Leonard B. Hebert, Jr. & Co., Inc. (Hebert), has appealed a judgment maintaining the validity of a lien affidavit filed by defendant-in-rule, Capitol Steel, Inc. (Capitol), under the provisions of the Louisiana Private Works Contract statutes (L.R.S. 9:4801 et seq.).
These are the facts: Ralph M. Parson Company (Parson), acting as general contractor on an Agrico Chemical Company project constructed in St. James Parish, Louisiana, subcontracted the structural steel work to Hebert. Plaintiff was to furnish, fabricate and erect the steel at the building site. Hebert, in turn, contracted with Steel-Tek, Inc., to furnish, fabricate and deliver "structural steel, angle handrails, steel ladders, stair stringers, and erection bolts to the Agrico Chemical plant" as per specifications furnished. Steel-Tek did no work at the job site. Material was obtained from several suppliers, including Capitol, and was fabricated by Steel-Tek especially for this job.
Steel-Tek is now insolvent and Capitol has not been paid for all the steel it delivered that was incorporated in the Agrico job. The outstanding balance is $1,313.30.
Capitol filed a lien affidavit against the Agrico project in the St. James Parish mortgage records and plaintiff, seeking to avoid a damage claim by the owner, bonded out the inscription against Agrico. It then filed this rule to have the lien cancelled and has appealed from the trial court's dismissal thereof.
At issue is whether the protection afforded to certain materialmen under L.R.S. 9:4801 is available to Capitol. The statute provides in part:
"A. Every contractor, subcontractor * * * or furnisher of material, machinery or fixtures, exclusive of anyone who rents or leases movable property, who performs work or furnishes material for the erection, construction, repair or improvement of immovable property, or who furnishes material or supplies for use in machines used in or in connection with the erection, construction, repair or improvement of any building, structure or other immovable property, with the consent or at the request of the owner thereof, or his authorized agent or representative or of any person with whom the owner has contracted for such work, has a privilege for the payment in principal and interest of such work or labor performed, or the materials, machinery or fixtures furnished, and for the cost of recording such privilege, upon the land and improvements on which the work or labor has been done, or the materials, *924 machinery or fixtures furnished." (Emphasis added.)
Both litigants agree this lien privilege is limited to materialmen who supply subcontractors and cannot be extended to suppliers or materialmen who in turn furnish material to other materialmen. Appellant contends Steel-Tek was a materialman to the subcontractor Hebert, while Capitol claims Steel-Tek was a subcontractor because it was required to fabricate steel products that were designed specifically for use in the Agrico project.
Our jurisprudence has consistently stated a subcontractor is a worker who actually participates in the building or erection of the edifice. A materialman is one who supplies material either manufactured or fabricated for use in that building. If the fabricator of material does not engage in any process that incorporates the item furnished into the immovable under construction, he is a materialman. It matters not whether his product is procured from another manufacturer and delivered unchanged to the building site or if it is shaped by him from other materials before it is delivered to the job site. This principle was clearly stated in Jesse F. Heard & Sons v. Southwest Steel Products, 124 So.2d 211, 220 (La.App.2d Cir. 1960) (quoting from written reasons assigned by the trial judge) as follows:
"`It seems to this Court clear that as is indicated in Phillips on Mechanic's Lien, as hereinabove referred to, that the question of determining whether the person is a subcontractor or simply a materialman depends upon the nature of his contract obligation. As stated in that work, there is a palpable distinction between a contract to erect or in being a sub-contractor and a contract to furnish toward the erection or being simply a furnisher of materials. And one who contracts to put up the building or one of its leading divisions, its brickwork, its woodwork or its steelwork is not a mere workman or materialman, but is in fact, under the decision of law, a sub-contractor, whereas one who is simply employed to furnish materials, whether such materials be manufactured or not and whether he be required to transform or fabricate such materials into a condition where it meets the requirements of the contract, and the specifications, is nonetheless a materialman and is not employed in any way to erect or pub up any part of the building or of its primary divisions and is, therefore, simply a materialman. Under the settled law of this State, a materialman who furnishes material to a materialman, has no right to a lien. * * *'"
The Heard rationale was recently reaffirmed by the Supreme Court in Thurman v. Star Electric Supply, Inc.[1] See also United States Plywood Corporation v. Caldwell[2] for a similar result.
Appellee would distinguish these cases by pointing out they were decided under the public contract law (L.R.S. 38:2241 et seq.) as opposed to the private works statute. Admittedly the laws are not identical; however, the rationale for limiting the protection of the lien device to materialmen who furnish subcontractors and not extending its coverage ad infinitum applies to private as well as public contracts. Liens are stricti juris, in derogation of common rights and the laws creating them should be strictly construed. We see no reason for redefining the word "subcontractor" as appellant would have us do because the policy considerations are the same, whether the contract be public or private. This same result was reached in Refractory Const., Inc. v. Cities Service Oil Co.[3]
For the reasons assigned the judgment appealed from is reversed and it is now ordered that the Lien Affidavit recorded in *925 Mortgage Book 82, Entry No. 39253 in the office of the Clerk of Court for the Parish of St. James, Louisiana, is hereby ordered erased and cancelled from the mortgage records and the bond filed in Mortgage Book 83, Entry No. 39400, is hereby ordered cancelled. Appellee is to pay all costs.
REVERSED AND RENDERED.
NOTES
[1] 307 So.2d 283 (La.1975).
[2] 183 So.2d 130 (La.App.1st Cir. 1966), writ refused.
[3] 278 So.2d 510 (La.App.3d Cir. 1973).