## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* William LaSAGE

77-297          559 S.W. 2d 702

Opinion delivered January 9, 1978

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Matthews & Sanders,* for appellee.

CONLEY BYRD, Justice. The uninsured motorist policy issued by appellant State Farm Mutual Automobile Insurance Company limits coverage to a hit and run motor vehicle "which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying." The trial court disagreed with the appellant's contention that this limited coverage to those situations in which the physical contact was a proximate cause of the injuries and entered a judgment in favor of appellee William LaSage in the amount of $7,500 together with the 12% penalty and a $1500 attorney's fee. For reversal appellant contends there is no substantial evidence that the physical contact with the hit and run motor vehicle was a proximate cause of appellee's injuries.

The facts giving rise to this litigation show that LaSage was driving his automobile along interstate 30 near the Geyer Springs exit in Little Rock, Arkansas, when he was struck by a hit and run vehicle. When the vehicle failed to stop LaSage gave chase for the purpose of attracting the attention of the police and to identify the license number on the hit and run vehicle. The chase ended in the 1300 block on Hilaro Springs Road when the hit and run vehicle suddenly stopped in the center of the road in such position as to force LaSage to either strike it or run into the ditch. LaSage took the option of going into the ditch and was injured when his vehicle struck a culvert.

Appellant, in reliance upon some language lifted out of *Springer* v. *Government Employee's Insurance Company,* 311 Southern 2nd, 36 (Louisiana Appeal, 1975), and *Allstate Insurance Company* v. *Basore,* (Missouri Appeals, 1963) 374 S.W. 2d 626, argues that in construing the hit and run provisions in uninsured motorist policies the courts in upholding the physical contact requirement have held that such contact

must be a proximate cause of the plaintiff's injuries and not a mere circumstance thereof. We do not read the cases relied upon by appellant as sustaining its position. At any rate since this is a case of first impression in Arkansas we take the position that "arising out of" cannot be construed to mean "proximately caused by". This same contention was made in *Manufacturers Casualty Insurance Co.* v. *Goodville Mutual Casualty Co.*, 403 Penn. 603, 170 A. 2d 571 (1961), wherein Manufacturers Casualty Insurance Company insured the pick-up truck pulling a trailer and Goodville Mutual Casualty Company insured the trailer being pulled. In dismissing the contention that "arising out of" meant "proximately caused by" the court there stated:

> "Goodville contended in the court below, and now here, that this accident was not one 'arising out of the ownership, maintenance or use of' the horse trailer. With that contention, the court below agreed, holding that 'arising out of' must be construed to mean 'proximately caused by.' However we do not so interpret the words 'arising out of.'

> In *Suburban Service Bus. Co.* v. *National Mut. Casualty Co.*, 237 Mo. App. 1128, 183 S.W. 2d 376, 378, St. Louis Ct. of Appeals, Mo., 1944, it was said, 'The words "arising out of the use of the bus" are very broad, general, and comprehensive terms. The insurer made no attempt to limit the plain, usual, and ordinary meaning of the term "use." We find nothing in the policy requiring that the use of the bus shall be the direct and proximate cause of the injury. The words "arising out of the use of the bus" are much broader than words such as "directly and proximately caused by the use of the bus." '

> In *American Fire & Casualty Co.* v. *Allstate Ins. Co.*, 4 Cir. 1954, 214 F. 2d 523, the owner of a Chrysler automobile, while towing his jeep, was involved in an accident with another automobile. Suit was instituted against him by two occupants of the latter vehicle. The Chrysler and the jeep were insured by different companies. Both insurers participated in his defense, but the insurer of the jeep reserved a right to disclaim liability. After settlement of the suits and payment thereof by the

insurer of the Chrysler, the insurer of the jeep disclaimed liability. The language of the policy which covered the jeep was identical with the language of the Goodville policy in the present case. The insurer of the Chrysler sued the insurer of the jeep for contribution. The court affirmed a judgment for the plaintiff, rejecting an argument that the Chrysler was solely responsible for the accident and holding that the accident was one 'arising out of the * * * use' of the jeep.

When the provisions of an insurance policy are vague or ambiguous, they must be construed strictly against the insurer and liberally in favor of the insured. Had the insurer desired to limit its liability to accidents with such a close causal connection to the ownership, maintenance or use of the trailer as to be encompassed within the scope of proximate causation, it could have and should have so stated in its policy. Construed strictly against the insurer, 'arising out of' means causally connected with, not proximately caused by. 'But for' causation, *i.e.,* a cause and result relationship, is enough to satisfy this provision of the policy. . . . "

See also *Fidelity & Casualty Company of New York* v. *North Carolina Farm Bureau Mutual Insurance Company,* 16 N.C. App. 194, 192 S.E. 2d 113 (1972).

During oral argument appellant attempted to raise the issue, not argued in its brief, that under any definition of "arising out of," the injuries in this case were too remote to be included in the coverage. While it appears to us from the record that the remoteness of the injuries was a fact issue for the trial court we need not definitely decide because that issue was raised too late for determination in this court.

Appellee is allowed an additional attorney's fee of $750.00 for his services in this court.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOWARD, JJ.