134

# AMERICAN STATES INSURANCE CO. *v.* TRI TECH, INC.

CA 90-424 812 S.W.2d 490

Court of Appeals of Arkansas
Division II
Opinion delivered July 3, 1991

*Friday, Eldredge & Clark*, by: *M. Gayle Corley*, for appellant.

*Elcan & Sprott*, by: *Franck C. Elcan II*, for appellee.

JUDITH ROGERS, Judge. Appellee, Tri Tech, Inc., filed suit against appellant, American States Insurance Co., seeking to recover on a payment bond issued by American in favor of E.M. Rader, Inc., as principal, pursuant to Ark. Code Ann. § 18-44-503 (Supp. 1989). Both parties moved for summary judgment, and the case was submitted to the trial court for decision based on an agreed statement of facts. The trial court granted Tri Tech's motion, and awarded it judgment in the amount of $41,042.42, in addition to an attorney's fee of $2,000.

American raises five issues for reversal, the first four of which can be pared down to the single issue of whether the trial court erred in holding American liable to Tri Tech as surety on the bond. In its remaining issue, American challenges the award of attorney's fees. We reverse.

According to the stipulation, E.M. Rader, Inc., was the prime contractor on an expansion project of the Wastewater Treatment Plant in Harrison, Arkansas. Rader contracted with B&D Welding Co. for B&D to supply "miscellaneous" metals for use in the project, including certain prefabricated handrails. B&D in turn entered into a contract with Tri Tech to furnish the handrails. The job specifications required the handrail drawings to be approved by both Rader and the project architect/engineers. The drawings were drafted by Tri Tech, and gained the necessary approval. The handrails were shipped by Tri Tech directly to the project site with the bill of lading bearing the notation of Tri Tech as shipper. Neither B&D nor Tri Tech was required to provide any labor or to take part in the installation of any materials on the project, and neither did, in fact, perform labor or install any materials at the job site. Rader paid B&D for these materials; however, B&D failed to pay Tri Tech for the handrails.

Recovery on bond in this situation is based on the concept of privity between the supplier seeking recourse and the original contractor. *Sweetser Construction Co.* v. *Newman Brothers, Inc.*, 236 Ark. 939, 371 S.W.2d 515 (1963). In *Sweetser*, the supreme court observed:

> While the privity of contract is necessary it need not be directly with the original contract but it must spring out of it. That it is not derived directly from the original contractor does not destroy the privity. It may come through contract with the subcontractor, as, in mechanic's lien cases it frequently does. The contract and bond require the principal and surety to respond for claims for labor and material furnished under the contract, and whether that claim for labor and material comes directly from the original contractor or from a subcontractor, or from a laborer or materialman under the subcontractor is immaterial, so long as its origin is called for in the original contract and grows out of the original contract.
>
> . . .
>
> But it is at this point that privity of contract ends, and one who supplies material to materialman, who in turn supplies the subcontractor, is to be relegated to the status of a stranger to the original contract, since such person's contract or undertaking is neither with the principal contractor, or with the one who, as in the case of a subcontractor, deals directly with the principal contractor. Such person's contract is therefore but indirect and collateral to the original contract, and for want of privity does not serve to bring such party within the purview of the principal contractor's bond.
>
> In this opinion we do not mean to hold that a person who furnishes material to a subcontractor is not in privy with the prime contractor, but just the contrary. . . It is generally held that persons supplying materials and labor to a subcontractor, rather than directly to the general contractor, may recover on a bond given pursuant to such a statute.

*Id.* at 943-44, 371 S.W.2d at 517-18.

■ Thus, two general principles emerge from the *Sweetser* decision: A materialman who furnishes material to a materialman has no recourse against the bond for lack of privity with the prime contractor, while a materialman who supplies material to a subcontractor in privity with the contractor may recover on the bond. As said by the *Sweetser* court, the rationale supporting these principles is to afford a reasonable degree of certainty with regard to the extent of liability under the bond.

The parties are in agreement as to the governing law, but disagree on its application to the facts of this case. As do the parties, we acknowledge that Tri Tech's recovery is dependant on the status of B&D; thus, the issue here is whether B&D is to be considered a materialman or a subcontractor. The holding in *Sweetser* has been followed in subsequent cases; however, these decisions offer no real guidance in determining whether one occupies the status of either a subcontractor or materialman. *See e.g. River Valley, Inc.* v. *American States Insurance Co.*, 287 Ark. 386, 699 S.W.2d 745 (1985); *Valley Metal Works, Inc.* v. *A.O. Smith-Inland, Inc.*, 264 Ark. 341, 572 S.W.2d 138 (1978); *General Electric Supply Co.* v. *Downtown Church of Christ*, 24 Ark. App. 1, 746 S.W.2d 386 (1988).

■ Where a distinction is made between a subcontractor and a materialman, a person, to become a subcontractor rather than a materialman, must generally do something more than merely furnish materials. 53 Am. Jur. 2d *Mechanics' Liens* § 72 (1970). Under the authorities, one who takes no part in the construction of a building, but merely furnishes material for use in a building, is not a subcontractor, and if the claimant is employed to furnish material only, whether fabricated or made ready for use or not, he cannot be regarded as a subcontractor. *J.W. Thompson Co.* v. *Welles Products Corp.*, 243 Kan. 503, 758 P.2d 738 (1988). One who is simply employed to furnish materials, whether such materials be manufactured or not and whether he be required to transform or fabricate such materials into a condition where it meets the requirements of the contract, or the specifications, is nonetheless a materialman. *Leonard B. Herbert, Jr. & Co., Inc.*, 336 So. 2d 922 (La. Ct. App. 1976). Conversely, one who not only furnishes materials, but installs them, is a contractor or a subcontractor, and not a materialman, within the meaning of mechanics' lien laws. *American Buildings*

*Co.* v. *Wheelers Stores*, 585 P.2d 845 (Wyo. 1978).

A case factually similar to the one at bar is *J.W. Thompson Co.* v. *Welles Products Corp., supra.* The case involved the construction of an additional "digester" for operation at a city wastewater treatment plant. Penta Construction Company, Inc., was the principal contractor on the project, which contracted with Welles Products Corp. to provide materials and equipment, including the necessary compressor systems. These systems were to be made to specification with the requirement that shop drawings be approved by the engineering firm in charge of the project. Penta was responsible for installing the entire system, although Welles was to provide a representative to inspect the installation and to train city personnel in use of the equipment. Welles contracted with J.W. Thompson Co. to supply certain components needed to fulfill its purchase order with Penta. Thompson shipped the equipment to the project site. At issue was whether Thompson could recover on Penta's bond, the resolution of which depended on the legal relationship between Penta and Welles. On these facts, the court held that Welles was a materialman, and thus denied recovery.

 We do not set aside findings of fact by a circuit judge sitting as a jury unless they are clearly erroneous. *Taylor's Marine, Inc.* v. *Waco Manufacturing, Inc.*, 302 Ark. 521, 792 S.W.2d 286 (1990). A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Sugarloaf Development Co., Inc.* v. *Heber Springs Sewer Improvement District.*, 34 Ark. App. 28, 805 S.W.2d 88 (1991). Based on the authorities mentioned above, we conclude that B&D was a materialman, and not a subcontractor; therefore, the trial court erred in allowing Tri Tech recovery under the bond.

 American's final argument questions the authority of the trial court to award an attorney's fee in this case under Ark. Code Ann. § 16-22-308 (Supp. 1989), which provides for an award of a fee to the prevailing party in certain civil actions. Since the judgment in favor of Tri Tech is reversed, the award of the attorney's fee is also reversed. *Brookside Village Mobile Homes* v. *Meyers*, 301 Ark. 139, 782 S.W.2d 365 (1990). Therefore, we

do not reach the merits of American's argument.

Reversed.

COOPER and DANIELSON, JJ., agree.