Joe Bryan McGARRAH, a Minor, by John and Sharon McGarrah, His Next Friends v. SOUTHWESTERN GLASS COMPANY, et al.

CA 92-657                                          852 S.W.2d 328

Court of Appeals of Arkansas
En Banc
Opinion delivered April 21, 1993
[Rehearing denied May 12, 1993.]

*James R. Filyaw*, for appellant.

*S. Walton Maurras*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the denial of coverage for medical expenses under an employee benefits plan issued by Southwestern Glass Company, appellee. Appellant contends that the court erred in finding that injuries he received in an automobile accident were not covered under appellee's health plan based on certain exclusions contained in the plan. We agree and reverse.

The record reflects that appellant, who was sixteen years old, attended a party on the night of May 19, 1990. Upon entering the party, those in attendance placed their car keys in a bowl. During the party, appellant consumed twelve to fifteen beers and, although appellant could not recall any of the events which transpired after he had fallen asleep, he was subsequently placed in his truck, on the passenger side, by two other boys at the party. Richard McDonner, who was also intoxicated, drove appellant's truck. McDonner and appellant were subsequently involved in a one-vehicle accident when the truck left the road and struck a tree. Appellant incurred substantial medical expenses as a result of the injuries he sustained in the accident, and a claim for benefits was submitted under his mother's health plan with appellee.

Appellee refused to accept appellant's claim contending that coverage was barred under three separate exclusions found in the contract of insurance. Appellant thereafter filed this suit for declaratory judgment seeking a determination as to his rights

under the plan.

Before we review the merits of the argument raised by appellant in this appeal, we must first address appellee's contention that this appeal is governed, not by Arkansas law, but by federal law under the Employee Retirement Income Security Act of 1974 (ERISA), which requires an arbitrary and capricious standard of review. Appellee bases this argument on the circumstance that the health insurance agreement in question was designated as an employee benefits plan under ERISA.

■ In the case of *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101 (1989), the United States Supreme Court addressed the question of the appropriate standard of review for actions brought under the Act. In deciding the issue, the Court found guidance in and applied the principles of trust law. The Court held:

> Consistent with established principles of trust law, we hold that a denial of benefits challenged under subsection 1132(a)(1)(B) is to be reviewed under a *de novo* standard *unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.*

*Id.* at 115. (Emphasis supplied.)

In light of the decision in *Firestone*, the question becomes whether the administrator of the plan at issue has been given the discretionary authority to determine eligibility for benefits or to construe the terms of the plan. From our review of the plan, there is no indication that the plan administrator was expressly granted such discretionary authority, and the record is void of any evidence on this issue. In the absence of some proof indicating that the administrator possesses such authority, we simply cannot accept appellee's proposition that its denial of coverage should be reviewed under an arbitrary and capricious standard of review.

■■ In Arkansas, a loss suffered by an insured is a covered one unless it is excluded by an exception. *Shelter Ins. Co.* v. *Hudson*, 19 Ark. App. 296, 720 S.W.2d 326 (1986). Courts are required to strictly interpret exclusions to insurance coverage and to resolve all reasonable doubt in favor of an insured who had no part in the preparation of the contract. *Geurin Contractors, Inc.*

v. *Bituminous Casualty Corp.*, 5 Ark. App. 229, 636 S.W.2d 638 (1982). If there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible to two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. Provisions contained in a policy of the insurance must be construed most strongly against the insurance company which prepared it, and if a reasonable construction may be given to the contract which would justify recovery, it is the duty of the court to do so. *Arkansas Farm Bureau Ins. Federation* v. *Ryman*, 309 Ark. 283, 831 S.W.2d 133 (1992).

The chancellor ruled in favor of appellee based on the following exclusions contained in the plan:

> 18. ANY EXPENSES INCURRED *AS A RESULT OF* SELF-INDUCED OVERDOSE AND/OR ABUSE AND/OR USE OF DRUGS, ALCOHOL AND/OR CHEMICALS, AND CONDITIONS AND/OR TREATMENTS RELATED THERETO.
>
> 27. DRUG ADDICTION OR TREATMENT THEREOF, OR SERVICES AND/OR SUPPLIES FOR INJURIES OR ILLNESSES *ARISING AS A RESULT OF* BEING LEGALLY INTOXICATED OR UNDER THE INFLUENCE OF ANY NARCOTIC (UNLESS PRESCRIBED BY A PHYSICIAN).

In making his ruling, the chancellor stated "[w]hile the Court did have some hesitancy at first in finding a casual connection between the [appellant's] intoxication and the cause of the accident, since the [appellant] was not driving the automobile at the time of the accident, . . . it cannot argue . . . that if the [appellant] had not been intoxicated he would not have been injured." The chancellor found that, "but for" the appellant's intoxication, appellant would not have been harmed as he would not have allowed anyone else to drive his truck or left the party that night.

On appeal, appellant contends that a causal connection must be shown between his intoxication and the resulting injuries in order for the exclusions to apply. He argues that his intoxication was not the proximate cause of the accident, and that there were intervening causes which directly caused the accident which led

to his injuries. In this regard, appellant contends that the causal connection between his intoxication and his injuries was severed when he was placed in his truck, as a passenger, by two other individuals, and when the driver of the truck, who was drunk, wrecked the vehicle. Appellee argues that no causal connection need be shown and that the mere fact that there is intoxication present is sufficient to exclude coverage based on the contract language.

■ It can be stated as a general rule that in order to avoid liability under a clause excepting liability for injury or death in case of the insured's intoxication, the insurer must establish that the intoxication has some causative connection with the death or injury of the insured. The causal relationship required depends on the language of the exclusion in question. C.T. Drechsler, Annotation, *Clause in Life, Accident, or Health Policy Excluding or Limiting Liability in Case of Insured's Use of Intoxicants or Narcotics*, 13 A.L.R.2d 987 (1950). *See e.g. Cummings* v. *Pacific Standard Life*, 516 P.2d 1077 (Wash. App. 1973).

In reference to the two exclusions in the plan, the issue here is the meaning of the phrases "as a result of" and "arising as a result of". There are no cases in Arkansas in which these precise terms have been interpreted. In the case of *State Farm Mutual Automobile Ins. Co.* v. *LaSage*, 262 Ark. 631, 559 S.W.2d 702 (1978), however, the court held that the term "arising out of" does not mean "proximately caused by." The court, quoting *Manufacturers Casualty Ins. Co.* v. *Goodville Mutual Casualty Co.*, 403 Penn. 603, 170 A.2d 571 (1961), noted that the words "arising out of" are very broad, general, and comprehensive terms. Therefore, the court found the language "arising out of" to encompass a "but for" analysis in terms of the causal connection to be applied.

■ Unlike the terms in *State Farm Mutual Automobile Ins. Co.* where the term "arising out of" was used, the terms in this policy read "as a *result* of" and "arising as a *result* of." In considering the phraseology of an insurance policy the common usage of terms should prevail when interpretation is required. Legal effect must be given to all the language used. *Continental Casualty Co.* v. *Davidson*, 250 Ark. 35, 463 S.W.2d 652 (1971). The *American Heritage Dictionary* 1054 (Second College ed.

1985) defines "result" as "[t]o occur or exist as a consequence of a particular cause." While the language "arising out of" has been said to encompass a "but for" causal connection, we find that the inclusion of the word "result" in that phrase implies that a more narrow causal connection need be shown.

We do not set aside findings of fact by a chancellor unless they are clearly against the preponderance of the evidence. *Belue* v. *Belue*, 38 Ark. App. 81, 828 S.W.2d 855 (1992). A finding is clearly against the preponderance of the evidence when we are left with the definite and firm conviction that a mistake has been committed. *American States Ins. Co.* v. *Tri Tech, Inc.*, 35 Ark. App. 134, 812 S.W.2d 490 (1991).

In this case, the chancellor found that appellant was placed in his truck by two individuals without the appellant being aware of the event. Another individual, who was intoxicated, was driving the truck when the accident occurred. Based on these facts, we find the causal connection between appellant's intoxication, the accident, and his injuries to be tenuous at best. In sum, we conclude that the judge's determination that "but for" appellant's intoxication he would not have been injured is far reaching and clearly against the preponderance of the evidence in light of the contract language found here. Appellee could have, by the use of different language, excluded coverage for this type of situation. If only a tenuous causation is the standard to use in interpreting this contract language, it could be argued that a person who is intoxicated and in bed asleep is not covered, even though he may be injured by a falling ceiling.

Reversed and Remanded.

MAYFIELD, J., concurs.

JENNINGS, C.J., and ROBBINS, J., dissent.

MELVIN MAYFIELD, Judge, concurring. I concur in the majority opinion. The law, as cited by the majority, is very clear that if there is doubt or uncertainty as to the meaning of an insurance policy and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. It is also very clear to me that the phrases "incurred as a result" and "arising as a result" are fairly susceptible to an interpretation favorable to the insured.

The case of *State Farm Mutual Automobile Ins. Co.* v. *LaSage*, 262 Ark. 631, 559 S.W.2d 702 (1978), cited in the majority opinion, clearly holds that the phrase "arising out of" does not mean "proximately caused by" but means "causally connected with" or a "but for" connection. I agree, however, as the majority holds, that the addition of the word "result" in the policy in this case means that more than a "but for" causal connection must be shown. Moreover, in my view, under a reasonable and common sense meaning of the policy provision "arising as a result of being legally intoxicated," the evidence in this case simply does not bring the appellant's injuries within that exclusion. Although the appellee argues, and the trial judge agreed, that if the appellant had not been drunk, the wreck — and consequently the appellant's injuries — would not have occurred, that is simply not true except in the most ethereal sense. If one holds that "the fatal trespass done by Eve was the cause of all our woe," then one might believe that the appellant's intoxication caused his injuries; however, I do not think that is the causal relationship involved in the policy exclusion in this case.

The appellee says that "under contract law, the parties are free to select their own agreement" and could have provided for "no coverage on even numbered days of the week." Public policy considerations aside, the problem with appellee's argument is that its insurance policy simply did not provide that "an insured who is injured while intoxicated is not covered." At the very least, the policy is fairly susceptible to an interpretation that requires a causal relation as lay people would view it between the intoxication and the injuries. The appellant is entitled to that interpretation, and viewed in that light, the evidence in this case does not support the trial judge's finding that the appellant would not have been injured had he not been intoxicated.

I would also add that I cannot attach any importance to the statement, referred to in the dissenting opinion, in which McDonner said the appellant had "yanked" the steering wheel at the time of the accident. McDonner did not testify, and the appellant (although he admitted that McDonner made the statement referred to) testified that he had no recollection of "yanking" the steering wheel. The trial judge's opinion made no reference to any testimony about "yanking" the steering wheel and the appellee's brief makes no argument that relies on such testimony. I do not

think this out-of-court statement by McDonner is sufficient to support even an implied finding of a causal relationship between appellant's intoxication and his injuries.

This case was filed in chancery court as a declaratory judgment action. I concur in reversing the finding of no liability made by the chancellor and agree that the case should be remanded for a determination of the amount of the recovery to which the appellant is entitled.

JOHN B. ROBBINS, Judge, dissenting. I dissent because I fully agree with the trial court's decision that paragraph 27 of the exclusions section of appellee's benefit plan excluded appellant Joe Bryan McGarrah's medical expenses from coverage. This paragraph excluded:

> 27. DRUG ADDICTION OR TREATMENT THEREOF, OR SERVICES AND/OR SUPPLIES FOR INJURIES OR ILLNESS ARISING AS A RESULT OF BEING LEGALLY INTOXICATED OR UNDER THE INFLUENCE OF ANY NARCOTIC (UNLESS PRESCRIBED BY A PHYSICIAN).

The above language very clearly excludes "injuries . . . arising as a result of being . . . intoxicated . . . ." The majority cites *State Farm Mutual Automobile Ins. Co.* v. *LaSage*, 262 Ark. 631, 559 S.W.2d 702 (1978), as holding that the words "arising out of" encompasses a "but for" standard for determining whether a causal connection exists. With this I would agree. The majority then distinguishes the phrase "arising out of" from the language of the exclusion in paragraph 27 where the words "arising as a result of" appear. This is a distinction without any real difference. To occur as a result or consequence of being intoxicated is merely another form of expressing that a particular event or condition arose out of being intoxicated.

The majority holds that a "but for" test is inapplicable without articulating the test or standard which it contends should have been applied, saying only that "a more narrow causal connection need by shown." It also holds that upon application of this undefined test, the appellant's injuries did not arise as a result of appellant being intoxicated.

Appellant's sixteen-year-old friend, Richard McDonner,

who was driving appellant's truck at the time of the accident had drunk "about fourteen beers" within the immediately preceeding five or six hours. I submit that one would have to be suicidal or drunk to ride as a passenger under these circumstances. There was no evidence that appellant was suicidal, but there was very clear and convincing evidence that he was drunk. This court is holding that appellant's injuries are too far removed from appellant's intoxication to have arisen "as a result of" his intoxication. Certainly, a somewhat more direct connection between appellant's intoxication and resulting injury could be imagined, e.g., impaired equilibrium which results in a fall, or diminished reaction time resulting in the loss of control of a vehicle, as apparently occurred with Mr. McDonner at the time of the accident. Virtually as closely connected, however, are injuries received by an intoxicated person with such diminished judgment that he would ride as a passenger with a driver who just earlier had consumed about fourteen beers.

The majority seems to suggest that appellant's presence in the truck may not be attributed to his intoxication because he was not aware that he was being placed in his truck by the other boys. This rationale defies any logical analysis. The fact he was so intoxicated that he was unaware and unable to resist when his friends placed him in his truck with a drunk driver simply demonstrates the connection between his intoxication and his resulting injuries. Furthermore, the trial court had before it a statement made by appellant that McDonner had said that plaintiff "yanked" the steering wheel at the time of the accident. While appellant testified that he had no recollection of "yanking" the steering wheel, he was intoxicated to such an extent that he had no recollection of the truck ride at all. I respectfully disagree with the majority's conclusion that "the causal connection between appellant's intoxication, the accident, and his injuries [are] tenuous at best." Appellant was not in bed asleep when his injuries occurred. He was drunk, riding as a passenger with a drunk driver, and may have jerked the steering wheel when the vehicle ran off the road and crashed into a tree.

The chancellor's findings of fact were not against, but clearly consistent with, the preponderance of the evidence.

I would affirm the trial court.

JENNINGS, C.J., joins in this dissent.