492

WILSON INDUSTRIES, INC.,
Plaintiff–Appellant,

v.

AVIVA AMERICA INC.; Bula Oil
America Inc.; Christina Heflin Trust;
Montclare Oil Ltd.; All Aboard Devel-
opment Corporation; Trade & Devel-
opment Offshore Properties, L.L.C.;
Walker Offshore Properties, Inc., De-
fendants–Appellees.

No. 98–30928.

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1999.

Stewart F. Peck, Kristopher Todd Wil-
son, Lugenbuhl, Burke, Wheaton, Peck,
Rankin & Hubbard, New Orleans, LA, for
Plaintiff–Appellant.

Barry F. Cannaday, Jenkens & Gil-
christ, Dallas, TX, Samuel Edgar Masur,
Gordon, Arata, McCollam & Duplantis, La-
fayette, LA, for Defendants–Appellees.

Before GARWOOD, DUHÉ and
BENAVIDES, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant appeals the district
court's grant of summary judgment in fa-
vor of Defendants, holding that Appellant
has no lien against Defendants' interest in
a well under the Louisiana Oil Well Lien
Act. Appellant also argues that the district
court erred in denying a continuance for

the purpose of conducting further discovery.

We have carefully considered the record, the argument, and the law advanced by the parties and are convinced that the district court was correct in its decision on the merits as explained in its Order and Reasons entered on July 30, 1998.

We find no abuse of discretion in the district court's denial of a continuance.

AFFIRMED for the reasons given by the district court in its attached Order and Reasons entered July 30, 1998.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

Wilson Industries, Inc.

versus

Aviva America, Inc., et al.,

Civil Action No: 97-2330 Section: "S" (3)

*ORDER AND REASONS*

LEMMON, District Judge:

The defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56(b) is GRANTED. Document # 25. The plaintiff's motion for a continuance pursuant to Rule 56(f) is DENIED.

Wilson Industries, Inc. (Wilson) seeks to enforce a privilege under the Louisiana Oil Well Lien Act (LOWLA) against Aviva America, Inc. (Aviva), the owner of an undivided interest in, and operator of, an oil and gas lease in Main Pass Block 37 in the Main Pass Block 41 Field located in federal offshore waters adjacent to the State of Louisiana (the Main Pass Lease), and other defendants who are undivided working interest owners in the Main Pass Lease.

Aviva drilled and completed the JA–7 well on the Main Pass Lease between June and September of 1996. As part of the completion of the drilling operation of the JA–7 well, Aviva purchased tubulars from Centerra Tubular Company (Centerra) under a "Master Service Contract." Centerra contracted with Wilson to furnish the tubulars. Wilson furnished the materials to Centerra, who delivered the tubulars to Aviva's shore base at the Ambar Dock in Venice, Louisiana. Aviva then transported the tubulars to the JA–7 well site on the Main Pass Lease.

Aviva paid Centerra for the tubulars in accordance with the terms of the contract between Aviva and Centerra, but Centerra failed to pay Wilson and thereafter filed bankruptcy proceedings in the Bankruptcy Court of Harris County in Houston, Texas. By virtue of an automatic stay, Wilson could not proceed against Centerra to recover on the unpaid contract.

On October 28, 1996, Wilson notified the defendants that the sum of $319,783.79, plus interest and attorney's fees, remained due and unpaid by Centerra. A copy of the Oil and Gas Lien Affidavit, Notice of Claim of Lien, and Statement of Privilege which would be filed on behalf of Wilson was provided to the defendants.

On October 30, 1996, Aviva received notice that Wilson was asserting a privilege under the Louisiana Oil Well Lien Act (LOWLA), La.Rev.Stat. 9:4861 *et. seq.* against the Main Pass Lease and the oil and gas production because of nonpayment by Centerra. Wilson timely filed the lien with the Clerk of Court in Plaquemines Parish on October 31, 1996. Wilson identified Aviva as the operator and Centerra as the contractor. The complaint to enforce the lien was filed in this court pursuant to the Outer Continental Shelf Land Act (OCSLA), 43 U.S.C. § 1349(b)(1).[1] The defendants filed a mo-

---

1. The OCSLA confers original jurisdiction in controversies which are indirectly connected with operations on the outer Continental Shelf conducted for the purpose of developing natural resources. *See Fluor Ocean Services,* *Inc. v. Rucker Co.,* 341 F.Supp. 757, 760 (E.D.La.1972). The laws of each adjacent state are the law of the United States for that portion of the outer Continental Shelf. *See Gardes Directional Drilling v. U.S. Turnkey*

tion for summary judgment.[2]

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-movant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

■ "The Oil Well Lien Act provides broad and far reaching protection to providers of labor and furnishers of material in conjunction with the drilling of oil wells."[3] *Guichard Drilling v. Alpine Energy Serv.*, 657 So.2d 1307, 1311 (La.1995). Section 4862 provides in relevant part:

A. The following persons have a privilege over the property described in R.S. 9:4863 to secure the following obligations incurred in operations:

. . . .

(6) A seller for the price of a movable sold to an operator or contractor that is:

(a) Incorporated in a well or in a facility located on the well site.

Subsection (7) of § 9:4861 states that an operator "is a lessee who is personally

bound by contract to the claimant or to a contractor from whom the claimant's activities giving rise to the privilege emanate." Subsection (10) defines a contractor as "a person, other than a lessee, who contracts with an operator to perform the operations giving rise to the claimant's privilege or who, by subcontract with a contractor of the operator or through a series of subcontracts emanating from such a contractor, contracts to perform all or part of the operations contracted for by the operator." Subsection (4) defines operations as "every activity conducted by or for a lessee on a well site for the purpose of: (i) Drilling, completing, testing, producing, reworking, or abandoning a well." Subsection (12) defines "well site" as "the area covered by: (a) The operating interest. (b) A unit in which the operating interest participates. (c) A tract of land or the area covered by a servitude or predial lease of the lessee on which is located a well drilled to, producing from, or injecting substances into the area covered by the operating interest."

The defendants assert that Wilson did not sell to the operator; therefore, Wilson has a privilege over the property only if it sold to a contractor who performed all or part of the operations for an operator at the well site. The defendants argue that there is no privilege because Centerra was a supplier, not a contractor, and Centerra did not conduct any activities at the well site. Defendants point out that the 1995 revisions to the Oil Well Lien Act represent a significant revision of Louisiana's prior statute and that, under the new Act, suppliers of suppliers are granted a lien only if the recipient of the supplies is one of the parties actually performing operations at the well site.[4]

---

*Exploration Co.*, 98 F.3d 860, 865 (5th Cir. 1996).

2. The plaintiff has not filed a cross-motion for summary judgment.

3. The Act was revised in 1995. The new law took effect on August 15, 1995. The revised Act applies in this case.

4. "Section 4862(A) of the new Act grants a privilege to persons who perform services or provide materials in connection with 'operations.'... The list of persons entitled to claim the privilege pursuant to Section 4862(A) of the new Act may severely restrict the right of a furnisher of a furnisher (or a supplier of a supplier) to successfully claim a privilege unless such furnishers and suppliers fall within the definition of a 'contractor' or,

In order to determine whether Wilson is entitled to the privilege as a seller to a contractor under the new Act, the Court looks to the state court's interpretation of the terms in similar statutes. A claimant under the Public Works Act case, La.Rev. Stat. 38:2241 *et seq.*, is "any person to whom money is due pursuant to a contract with the owner or a contractor or subcontractor for doing work, performing labor, or furnishing materials or supplies...." § 2242(A)(1). Under the Private Works Act, La.Rev.Stat. 9:4801 *et seq.*, a privilege is available *inter alia* to "[s]ellers, for the price of movables sold to the owner that become component parts of the immovable, or are consumed at the site of the immovable, or are consumed in machinery or equipment used at the site of the immovable." § 4801.

"[I]t is well settled in this state that a supplier of materials to another supplier of materials (in other words, a materialman of a materialman) is not entitled to the statutory benefits of the public contracts law, because the statute only embraces creditors of the contractor and subcontractors and not the creditors of materialmen." *Thurman v. Star Elec. Supply, Inc.*, 307 So.2d 283, 284 (La.1975) (a Public Works Act case) (citing *Jesse F. Heard & Sons v. Southwest Steel Products*, 124 So.2d 211 (La.Ct.App.1960) (a Public Works case)). The question whether a person is a contractor, subcontractor, or a materialman depends on the nature of the contract obligations. *See Heard*, 124 So.2d at 220. A materialman is one who supplies material, either manufactured or fabricated, for use in the construction. *See Hebert v. Kinler*, 336 So.2d 922, 924 (La.Ct.App.1976) (a Private Works Act case). A fabricator who does not engage in any process that incorporates the item furnished is a materialman. *Id.* Under the settled law of this State, a supplier of materials who furnishes material to another supplier of materi-als has no right to assert a privilege. *See Thurman*, 307 So.2d at 287; *Hebert*, 336 So.2d at 924.

Applying the principles to the present case, the Court finds that Centerra is a supplier of the tubulars to Aviva, not a contractor. The evidence presented in connection with the motion for summary judgment indicates that Centerra delivered the tubulars to the Ambar Dock, Aviva took possession of the tubulars, Aviva arranged for the transportation of the tubulars to the platform at the Main Pass Lease, and the tubulars were used by Aviva in the drilling operations. There is no support for Wilson's assertions that Centerra may have engaged in additional activities for Aviva. Even though Centerra contracted with Aviva to supply the tubulars, Centerra is not a contractor as the term is used in the statute because there is no indication that the nature of the contract obligations required Centerra to engage in any process to incorporate the materials in the operation. Wilson has not shown that additional discovery would create a genuine issue of material fact as to Centerra's role. Accordingly, Wilson is a seller or a supplier who sold to another supplier, not an operator or contractor, and does not have a right to assert the privilege provided for by LOWLA. Aviva is entitled to summary judgment as a matter of law.

New Orleans, Louisiana, this _____ day of August, 1999.

---

in the alternative, to qualify as a 'seller ... to an operator or contractor' of movables either incorporated at the well site or consumed in operations there-of." *See* Chicoine, Lien on LOWLA; It's a Privilege; Recent Revisions to the Louisiana Oil Well Lien Act, 57 La.L.Rev. 1133 (1997); § 4862(A)(6).