MID-CENTURY INSURANCE CO. *v.* Anthony D. MILLER

CA 96-74                                               935 S.W.2d 302

Court of Appeals of Arkansas
Division III
Opinion delivered December 18, 1996
[Petition for rehearing denied January 15, 1997.]

*Compton, Prewett, Thomas & Hickey, P.A.,* by: *William I. Prewett,* for appellant.

*James B. Bennett,* for appellee.

JUDITH ROGERS, Judge. This is an appeal from a declaratory judgment in which the trial court held that an insurance policy issued by appellant to appellee was in full force and effect at the time of appellee's loss, even though the policy had been canceled due to the nonpayment of the premium. Appellant raises two issues for reversal. It contends that the trial court erred in finding that the policy had been reinstated and in failing to find that appellee had perpetrated a fraud. We find merit in the first point raised and reverse.

On April 19, 1991, appellee purchased automobile liability insurance from appellant through its agent Lewis Allen Edrington on a 1983, four-door Cadillac Sedan DeVille. For a premium of $150, the policy extended coverage for a six-month period ending on October 19, 1991. Appellee remitted $80 at once, leaving a balance on the premium of $70. On June 4, 1991, appellant mailed a reminder notice to appellee advising him that payment of the remaining balance was due on June 18. Appellee failed to pay the balance due and a notice of cancellation was mailed on July 8 informing him that the policy would be canceled as of July 21, 1991, if payment were not received. Payment was not made, and a final notice of cancellation was mailed to appellee stating that the policy was canceled on July 21. This notice further advised that, if reinstatement were desired, appellee was to send the full amount due "now" and that he would be informed "whether [the] policy has been reinstated, and if so, the exact date and time of reinstatement."

On October 5, 1991, appellant was involved in an automobile accident in the Cadillac. Two days later, on October 7, appellee

went to Edrington's office and remitted $70. In July of 1993, suit was filed against appellee for damages arising out of the October 5 collision. Appellee then filed this suit for declaratory judgment seeking a determination of whether coverage existed under the policy for the accident. In the complaint, appellee alleged that he had not received any notices of cancellation and that appellant had accepted payment on the premium both before and after the accident. After a hearing, the trial court ruled that appellant had presented sufficient proof of the mailing of the cancellation notices to satisfy the requirements of Ark. Code Ann. § 23-89-306 (1987), but found, however, that appellee's payment of $70 on October 7, 1991, was for the balance of the term ending on October 19, 1991, and thus effected the reinstatement of the policy. Consequently, the court ruled that the policy was in full force and effect at the time of the accident and that it was, therefore, a covered event.

We do not set aside the findings of fact by a circuit judge sitting as a jury unless they are clearly erroneous. Ark. R. Civ. P. 52(a); *American States Ins. Co.* v. *Tri Tech, Inc.*, 35 Ark. App. 134, 812 S.W.2d 490 (1991). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Henry, Walden & Davis* v. *Goodman*, 294 Ark. 25, 741 S.W.2d 233 (1987). Appellant contends that the trial court erroneously found that the policy was reinstated to its original term when payment of the premium was made after cancellation. We agree.

There is no question but that the policy was canceled effective July 21, 1991. The receipt evidencing the payment made on October 7 by appellee clearly recites that the policy was "renewed," not reinstated. As was said by Mr. Edrington, the policy was carried forward from that day to January 2, 1992, when it again lapsed because the payment was not sufficient to provide coverage after that date. Despite this evidence, the trial court reasoned that the payment reinstated, not renewed, the policy because no application was required, the policy number had not changed and no second policy was issued. However, with all due respect to the trial court, we are not persuaded by its reasoning because those circumstances are equally consistent with the renewal of a policy. Moreover, there is no indication that the procedure for reinstatement as outlined in the cancellation notice was ever accomplished. Based on

the evidence, we are convinced that the trial court's decision was clearly in error, and we reverse on this issue. Consequently, it is not necessary for us to reach appellant's second argument that appellee perpetrated a fraud by failing to inform its agent of the accident when the October 7th payment was made.

Reversed.

ROBBINS and GRIFFEN, JJ., agree.