Jackie HARRIS *v.* Sandra WHIPPLE

CA 97-1522                                          974 S.W.2d 482

Court of Appeals of Arkansas
Division II
Opinion delivered September 16, 1998

*Richard A. Hutto*, for appellant.

*Appellee*, pro se.

WENDELL L. GRIFFEN, Judge. Jackie Harris, a landlord, has appealed the decision of the Pulaski County Circuit Court finding that she converted appellee Sandra Whipple's personalty and that she was liable to appellee for damages for retaining the property. Appellant raises two points on appeal: 1) the trial court erred in not applying the landlord lien statute to her retention of the property; and 2) the trial court erred in finding the property had not been abandoned. We reverse and remand the trial court's ruling.

In February 1995, appellee's boyfriend, David Schaefer, agreed to lease a trailer from appellant, with the lease running from March to August 1995. Appellee and her children moved into the trailer with Schaefer, with appellant's knowledge. Schae-

fer and appellee failed to pay rent for August 1995, and began moving out of the trailer on or about August 24. Appellee later returned to the trailer to retrieve her new washer, dryer, and her children's clothes, but the locks on the trailer door had been changed. Appellant posted a notice to vacate sign on the door of the trailer. Four days later, appellant returned to the property, took possession of the property remaining at the premises, and began cleaning the trailer.

Appellee filed suit against appellant, who responded by claiming a landlord's lien on the property and that she was entitled to retain the property until appellee paid the amount due under the lease. The matter went to trial on August 15, 1997, and the trial court found that appellee owed appellant $666.00, but that appellant had wrongfully retained the property. The trial court awarded appellee $2,730.54 plus interest, representing the value of appellee's property, the amount due her for a utility bill, and a laundry bill minus the amount owed to appellant for unpaid rent and damage to the trailer. Appellant seeks reversal of that ruling.

■ Appellant's first argument is that the trial court erred in not applying the landlord lien statute to her retention of the property. Arkansas Code Annotated section 18-16-108 (Supp. 1997) states:

> Upon the voluntary or involuntary termination of any lease agreement, all property left in and about the premises by the lessee shall be considered abandoned and may be disposed of by the lessor as the lessor shall see fit without recourse by the lessee. All property placed on the premises by the tenant or lessee is subjected to a lien in favor of the lessor for the payment of all sums agreed to be paid by the lessee.

We will not set aside findings of fact by a circuit judge sitting as a jury unless they are clearly erroneous. Ark. R. Civ. P. 52(a); *Mid-Century Ins. Co. v. Miller*, 55 Ark. App. 303, 935 S.W.2d 302 (1996).

We agree with appellant's assertion of error. Appellee admitted that she owed $65.00 in rent for the month of July, and that

she also owed rent for August and September, at $225.00 for each month. Appellee admitted that there was some damage caused to the trailer which appellant estimated at $150.00. The total of this amount is $665.00. Appellee also testified that she and Schaefer had moved from the trailer, that they did not intend to continue living there, but that she had not completely removed her belongings from the trailer. Appellee claimed expenses for property remaining at the trailer, an electricity bill, and for her laundry bill after appellant took possession of her washer and dryer. Appellee valued the washer and dryer at $500, the electricity bill at $497.04 (from appellant's alleged use after appellee left the premises), and her laundry bill at $25.00 a week for two years at $2,400.00.

██ ██ The trial court erred by ruling that section 18-16-108 did not apply, and in ruling that appellee had not abandoned the property left in the trailer. The trial court simply deducted the greater expense from the lesser, without finding that appellee had abandoned the property, or applying the applicable statute. The landlord lien statute provides that all property left in and about the leased premises by the lessee *shall* be considered abandoned and may be disposed of by the lessor as the lessor sees fit without recourse by the lessee, upon the voluntary or involuntary termination of any lease agreement. The word "shall," when used in a statute, means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity. *Campbell v. State*, 311 Ark. 641, 846 S.W.2d 639 (1993); *Loyd v. Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986). By leaving the washer, dryer, and various items of clothing in the trailer when she moved, appellee abandoned the property to whatever disposition that appellant made of it. We are bound to follow the statute in this case.

██ Indeed, there was no proof that appellee intended to remain in the trailer after she moved most of her belongings from it. There is no proof that she ever attempted to reoccupy the trailer, or that she manifested an intent to do so after moving most of her belongings. The record shows, instead, that appellee moved her family and most of their belongings from the trailer. She did

not give notice to appellant that she was moving, and left items in the trailer without informing appellant on when she would return for them. Under the circumstances, the provisions of the statute clearly applied, and the trial judge erred by ruling that the statute was inapplicable.

■ Therefore, the trial court also erred when it assessed damages against appellant for the value of the washer and dryer. The applicable statute clearly authorized appellant to dispose of the abandoned property as she saw fit, without recourse from appellee.

■ Further, we find no basis for the trial court's action of awarding $2,400 in damages to appellee for the value of laundry bills during the twenty-four-month period after she moved from the trailer. Appellee abandoned the washer and dryer. Appellant acted according to the statute when she entered the trailer and disposed of the washer and dryer. Doing so did not expose her to liability for damages because appellee had left them in the trailer.

■ Finally, we find no legal authority for the determination that appellant, as landlord, became liable to appellee for $497.04 for a utility bill. Appellee testified that the electric bill was in her name. She had not been sued for the debt and had not paid it as of the trial date. Although appellee testified that she instructed that the electricity be discontinued to the trailer, there is no proof in the record that appellant took action to keep the electricity on.

■ The judgment for appellee is reversed; we remand this case to the trial court for entry of judgment for $665.00 in favor of appellant.

Reversed and remanded.

ROGERS and PITTMAN, JJ., agree.