John Michael SINGLETON *v.* STATE of Arkansas

CR 99-24                                        989 S.W.2d 533

Supreme Court of Arkansas
Opinion delivered May 13, 1999

*Jon A. Williams*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Mac Golden*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant, John Singleton, was convicted of capital murder and sentenced to life imprisonment without parole. As his sole point on appeal, appellant argues that the trial court abused its discretion in denying a petition for change of venue. We find no error and therefore affirm.

While the sufficiency of the evidence has not been challenged, we will briefly summarize the facts. On December 8, 1997, appellant killed Richard Singleton by hitting him repeatedly in the head with a concrete block, hitting him in the chest with a baseball bat, and cutting his neck with a sword. The next day, appellant wrapped the body in a tarp and sealed it with duct tape. He then put the body in the trunk of his car and dumped it from a bridge in rural Greene County. A jury trial was held on July 7 and 8, 1998, and the jury returned a guilty verdict.

On July 2, 1998, the *Paragould Daily Press* published an article that reported the police's contention that appellant disposed of Richard Singleton's body by wrapping it in a tarp and dumping it from a bridge. On the morning of July 7, 1998, appellant filed a petition for change of venue alleging that it would be impossible for appellant to receive a fair trial in Greene County due to the newspaper article. The newspaper article was attached to the petition, however, no affidavits were attached to the petition as required by Ark. Code Ann. § 16-88-204 (1987) and no witness testimony was presented at the hearing on the petition to support the claim that appellant could not receive a fair and impartial trial in that county. The trial court reserved its ruling on the petition

until the jury was polled. After the prospective jurors responded by assuring the court that they were either not affected by the article or had not read the article, the petition for change of venue was denied.

Arkansas Code Ann. § 16-88-201 (1987) states:

> Any criminal cause pending in any circuit court may be removed by the order of the court, or by the judge thereof in vacation, to the circuit court of another county whenever it shall appear, in the manner provided in this subchapter, that minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had in that county.

In order to assist the fact-finder in determining the state of mind of a county's inhabitants one must comply with Ark Code Ann. § 16-88-204(a), which states:

> The application of the defendant for an order of removal shall be by petition setting forth the facts on account of which the removal is requested. The truth of the allegations in the petition *shall* be supported by the affidavits of two (2) credible persons who are qualified electors, actual residents of the county, and not related to the defendant in any way.

*Id.* (emphasis supplied).

██ The language of Ark. Code Ann. § 16-88-204(a) requiring affidavits by two persons is mandatory, as evidenced by use of the word "shall." *Harris v. Whipple,* 63 Ark. App. 84, 974 S.W.2d 482 (1998) (The word "shall," when used in a statute, means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity. *Campbell v. State,* 311 Ark. 641, 846 S.W.2d 639 (1993); *Loyd v. Knight,* 288 Ark. 474, 706 S.W.2d 393 (1986)). We have said that a motion for change of venue is not properly supported when the movants, affiants or witnesses are unable to show in their testimony that they have a general knowledge as to the state of mind of the inhabitants of the whole county or that they are cognizant of prejudice existing throughout the county. *Taylor v. State,* 334

Ark. 339, 974 S.W.2d 454 (1998)(citing *Berry v. State*, 290 Ark. 223, 235, 718 S.W.2d 447 (1986)).

█ █   In addition to appellant's failure to provide affidavits or witnesses supporting his claim that he could not receive a fair and impartial in Greene County, the trial court inquired of prospective jurors whether they had read the newspaper article, or would be prejudiced by it. After this inquiry resulted in a conclusion that none of the jurors would be biased or prejudiced as a result of the article, the trial court denied the petition for the change of venue. We have held that such a survey of the jury is appropriate and there can be no error in the denial of a change of venue if an examination of the jury selection shows that an impartial jury was selected and that each juror stated he or she could give the defendant a fair trial and follow the instructions of the court. *Taylor v. State*, 334 Ark. 339, 974 S.W.2d 454 (1998) (citing *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997)).

█   Appellant failed to submit the required support for his petition and the trial court found that the jury was not biased because of the newspaper article. We conclude that the trial court did not abuse its discretion in denying the petition for change of venue.

*Rule 4-3(h)*

As required by Ark. Code. Ann. § 16-91-113(a) and Rule 4-3(h) of the Rules of the Arkansas Supreme Court, we have reviewed the entire record for other reversible errors and, finding none, affirm the verdict and sentence of the jury.

Affirmed.