Michael J. Ptak, President Arkansas State Board of Massage Therapy P.O. Box 20739 Hot Springs, AR 71903-0793
Dear Mr. Ptak:
You have requested an Attorney General opinion in response to the following questions:
 (1) If a person has been convicted of, or found guilty of, or entered a plea of guilty or nolo contendere to a felony in this state or the United States, and consequently cannot provide the oath required by A.C.A. § 17-86-303(a)(2), does the Board of Massage Therapy nevertheless have discretion to license such person if he or she can sufficiently demonstrate rehabilitation and that he or she is of good moral character?
 (2) Is the authorization to investigate and have information released to the Board [see A.C.A. § 17-86-303(a)(2)] simply a vehicle for the Board to utilize to discover whether an applicant has been convicted of a felony or the offense of prostitution, rather than authorization for the Board to waive the requirement that an applicant not be convicted of a felony or the offense of prostitution?
RESPONSE
Question 1 — If a person has been convicted of, or found guilty of, orentered a plea of guilty or nolo contendere to a felony in this state orthe United States, and consequently cannot provide the oath required byA.C.A. § 17-86-303(a)(2), does the Board of Massage Therapy neverthelesshave discretion to license such person if he or she can sufficientlydemonstrate rehabilitation and that he or she is of good moralcharacter?
It is my opinion that a person who seeks to be licensed by the Boardmust give the required oath. The language of the statute is mandatory. It states:
 (a) In order to be registered as a massage therapist, the person seeking registration shall:
 (2) Make oath that he or she has not been convicted of, or found guilty of, or entered a plea of guilty or nolo contendre to, any offense that would constitute a felony, or constitute the offense of prostitution, either in this state or the United States, and submit a signed authorization to investigate and have information released to the board;
A.C.A. § 17-86-303(a)(2) (emphasis added).
The term "shall," when used in statutory language, usually indicates a legislative intent that the provision be mandatory. See, e.g., Singletonv. State, 337 Ark. ___, ___ S.W.2d ___ (May 13, 1999); Harris v.Whipple, 63 Ark. App. 84, 974 S.W.2d 482 (1998); Loyd v. Knight,288 Ark. 474, 706 S.W.2d 393 (1986); Campbell v. State, 311 Ark. 641,846 S.W.2d 639 (1993).
Because the oath requirement of A.C.A. § 17-86-303 is couched in mandatory terms, I must conclude that a person who seeks to be licensed as a massage therapist must give the required oath.
Nevertheless, I note that the language of Act 1461 of 1999 [A.C.A. §17-86-311(a)(1)] appears to give the board discretion to grant a license even if it finds that a person has previously been convicted of a felony or prostitution (and who presumably gave a false oath). The pertinent section of the Act states:
 (a) The board may deny, suspend, or revoke a license upon any one (1) of the following grounds:
 (1) Conviction of, or finding of guilt, or entry of a plea of guilty or nolo contendre (sic) to, a felony or prostitution;
A.C.A. § 17-86-311(a)(1).
Because the Board may use its discretion to deny a license on the grounds of a previous conviction, it necessarily follows that it may also use its discretion to grant a license despite a previous conviction. The board's authority to use its discretion in the grant or denial of a license is evident from the fact that the above-quoted language uses the permissive term "may," thus indicating that it is not mandatory that the board deny, suspend, or revoke a license on the listed grounds. (A well-established rule of statutory interpretation in Arkansas is that whereas the legislature's use of the word "shall" imposes a requirement, the use of the word "may" indicates a grant of discretion. See, e.g.,Ark. Elec. Coop. Corp. v. Ark. Pub. Serv. Comm'n., 307 Ark. 171,818 S.W.2d 935 (1991); Chrisco v. Sun Ind., Inc., 304 Ark. 227,800 S.W.2d 717 (1990); Blaylock v. Strecker, 291 Ark. 340, 724 S.W.2d 470
(1987); Gregory v. Colvin, 235 Ark. 1007, 363 S.W.2d 539 (1963); Loftisv. Edwards, 235 Ark. 30, 356 S.W.2d 742 (1962); Fort Smith Gas v.Kincannon, 202 Ark. 216, 150 S.W.2d 968 (1941); Bush v. Martineau,174 Ark. 214, 295 S.W. 9 (1927).)
The permissive language of the Act indicates that even if an applicant gives a perjured oath, and the board finds the existence of a felony or prostitution conviction (or other grounds for the denial of a license), it would nevertheless have the discretionary authority to grant a license. The intent of the law appears to have been to give the Board ultimate discretion in the grant and denial of licenses.
Accordingly, I conclude that persons who seek to be licensed as massage therapists must give the oath required by A.C.A. § 17-86-303. However, the board has discretion to grant a license despite a finding of a felony or prostitution conviction.
Question 2 — Is the authorization to investigate and have informationreleased to the board [see A.C.A. § 17-86-303(a)(2)] simply a vehicle forthe board to utilize to discover whether an applicant has been convictedof a felony or the offense of prostitution, rather than authorization forthe board to waive the requirement that an applicant not be convicted ofa felony or the offense of prostitution?
It is my opinion that the purpose for which the authorization to investigate and have information released to the board is unclear from the face of A.C.A. § 17-8-303(a)(2) (quoted above under Question 1).
Because this authorization is stated in conjunction with the required oath, it may have been included so as to provide a means for the board to verify the oath.
Whatever its direct purpose may have been, this authorization can, in practice, be used as a vehicle for the Board to obtain information upon the basis of which it may waive the requirement that an applicant not be convicted of a felony or the offense of prostitution.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh