The Honorable Sue Madison State Representative 573 Rockcliff Road Fayetteville, AR 72701-3809
The Honorable Jo Carson State Representative P.O. Box 1886 Fort Smith, AR 72902
Dear Representatives Madison and Carson:
You have requested an Attorney General opinion concerning the Child Abuse Reporting Act (A.C.A. § 12-12-501 et seq.)
You note that the Child Abuse Reporting Act requires that reports of child abuse be investigated and that the results of the investigation be reported. The Act creates various time deadlines for initiating, completing, and reporting on an investigation that is required by the Act. Under the Act, local law enforcement agencies must be notified of reports of severe child maltreatment. In these instances, local law enforcement agencies will become involved in conducting the required investigation of the reported maltreatment. You indicate that in some instances, the local law enforcement agencies conduct the investigation independently, and in others, they conduct it in cooperation with the Department of Human Services.
In light of the foregoing, you have asked:
 In these instances, is local law enforcement required to comply with the various time deadlines that are imposed by the Child Abuse Reporting Act?
Although it is not entirely clear, your question appears to refer both to instances in which local law enforcement conducts the investigation independently, and to those in which local law enforcement works in cooperation with the Department of Human Services.
It is my opinion that in instances where a local law enforcement agency is involved in conducting an investigation of a report of severe child maltreatment pursuant to A.C.A. § 12-12-509 (whether local law enforcement works independently or in cooperation with the Department of Human Services), that local agency is required to comply with the various time deadlines that are imposed by the Child Abuse Reporting Act (A.C.A. § 12-12-501 et seq.).
I base my conclusion regarding this matter upon the plain language of the Act itself. All of the time deadlines imposed by the Act are stated unambiguously and are stated in mandatory terms.
Concerning the time frame for the initiation of an investigation, the Act states:
 (a)(1) The Department of Human Services shall cause an investigation to be made upon receiving initial notification of suspected child maltreatment.
(2)(A) All investigations shall begin within seventy-two (72) hours.
 (B) However, if the notice contains an allegation of severe maltreatment then the department shall immediately notify law enforcement, and the department shall initiate an investigation in cooperation with law enforcement agencies and the prosecuting attorney within twenty-four (24) hours.
A.C.A. § 12-12-509(a) (emphasis added).
Under the language of the above-quoted provision, investigations of allegations of severe maltreatment (in which local law enforcement agencies become involved) must be initiated within 24 hours. A.C.A. § 12-12-509(a)(2)(B). The language setting forth this requirement is unambiguous. It must therefore be interpreted just as it reads. St. PaulFire Marine Ins. v. Griffin Const., 338 Ark. 289, 993 S.W.2d 485
(1999). Moreover, this language uses the mandatory term "shall."Singleton v. State, 337 Ark. 503, 989 S.W.2d 533 (1999). There is therefore no question that this investigation must be initiated within the required time frame, regardless of the fact that a local law enforcement agency is involved in conducting the investigation.
Concerning the time frame for concluding and reporting on an investigation, the Act states:
 (d)(1) An investigative determination shall be made in each investigation within thirty (30) days.
A.C.A. § 12-12-509(d)(1).
The Act also states:
 The agency responsible for the investigation shall make a complete written report of the investigation by the conclusion of the thirty-day time period set forth in § 12-12-509(d) of this subchapter.
A.C.A. § 12-12-514(a).
Again, the language of these provisions is unambiguous and makes use of the mandatory term "shall." By its very terms, it unquestionably applies to any agency that conducts an investigation under the Act.
Accordingly, I must conclude that local law enforcement agencies that are involved in conducting investigations of suspected severe child abuse are required to comply with the various time deadlines that are set forth in the Child Abuse Reporting Act.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh