The Honorable Percy Malone State Senator 518 Clay Street Arkadelphia, AR 71923-6024
Dear Senator Malone:
You have presented the following questions for my opinion:
 (1) Do the "costs" that are referred to in A.C.A. § 16-90-113 include warrant fees and mileage?
 (2) Does the judge have discretion in including the costs in the judgment or are the costs mandatory?
 (3) If the judge does not include the costs in a final judgment and the defendant fails to pay the costs, does the city bill the county treasurer for costs?
RESPONSE
Question 1 — Do the "costs" that are referred to in A.C.A. § 16-90-113include warrant fees and mileage?
It is my opinion that the "costs" that are referred to in A.C.A. § 16-90-113 do include warrant fees and mileage.
A.C.A. § 16-90-113 states:
 (a) In judgments against the defendant, a judgment for costs, in addition to the other punishment, shall be rendered. This judgment shall be taxed by the clerk and shall be for the benefit of the officers rendering the service.
 (b) In case of failure by the defendant to pay the costs, they shall be paid by the county where the conviction is had.
A.C.A. § 16-90-113.
The term "costs," as used in the above-quoted statute, is not defined. I must therefore give the word its ordinary meaning in common usage.Montgomery v. Bolton, 349 Ark. 460, 79 S.W.3d 354 (2002); Rolling Pinesv. City Of Little Rock, 73 Ark. App. 97, 40 S.W.3d 828 (2001).
When I apply the ordinary meaning of the term "costs" to warrant fees and mileage, I must conclude that because these are among the costs that are incurred in order to obtain a conviction, they must, pursuant to A.C.A. § 16-90-113, be included in the judgment against the defendant.
I must note that in my opinion, the "costs" that are referred to in A.C.A. § 16-90-113 are not among the types of court costs that were repealed or superseded by Act 1256 of 1995 (codified in pertinent part at A.C.A. § 16-10-301 et seq.), which created a system of uniform court costs. Accord, Op. Att'y Gen. No. 2002-303. That Act prohibits courts from assessing or collecting any costs other than those authorized by the Act "unless specifically provided by state law." A.C.A. § 16-10-305(d). The collection of warrant fees is specifically provided by state law.See A.C.A. §§ 21-6-307, -502. Although the collection of mileage costs is not explicitly mentioned, it is my opinion that such costs are not superseded by Act 1256 of 1995 because they are not duplicative of any of the costs that are authorized in that Act and therefore do not conflict with the Act.
For these reasons, I conclude that warrant fees and mileage are among the "costs" authorized by A.C.A. § 16-90-113 that must be included in the final judgment.
Question 2 — Does the judge have discretion in including the costs in thejudgment or are the costs mandatory?
It is my opinion that the costs that are authorized by A.C.A. § 16-90-113
are mandatory, and that the judge does not have the discretion not to include them in the judgment.[1]
The language of A.C.A. § 16-90-113 is couched in mandatory terms, using the mandatory term "shall." ("This judgment shall be taxed by the clerk. . . .") The Arkansas Supreme Court has consistently held that the word "shall" indicates that the described action is mandatory, whereas the word "may" indicates that described action is discretionary. See, e.g.,Marcum v. Wengert, 344 Ark. 153, 40 S.W.3d 230 (2001); Singleton v.State, 337 Ark. 503, 989 S.W.2d 533 (1999). Accordingly, I must conclude that the judge does not have the discretion not to include the costs that are assessed under the authority of A.C.A. § 16-90-113 in the judgment. (The judge does, however, have the discretion to reduce or revoke a judgment for costs, pursuant to A.C.A. § 5-4-203(b)(4), as discussed in response to Question 3.)
Question 3 — If the judge does not include the costs in a final judgmentand the defendant fails to pay the costs, does the city bill the countytreasurer for costs?
It is my opinion that if the judge erroneously fails to include court costs in a final judgment, the county cannot be held liable for the payment of such costs.
The county can be held liable for the payment of court costs that are not collected from a defendant[2] only after four conditions have been satisfied: (1) a final judgment including the costs has been entered against the defendant; (2) the defendant has failed to pay; (3) an execution has been issued against the defendant's property; and (4) the defendant's property has been found to be insufficient to pay the costs.
The collection of unpaid court costs is addressed in A.C.A. § 16-92-101et seq. Under that set of laws, a county cannot be held liable for payment the defendant's court costs until the defendant's property is shown to be insufficient to pay the costs. A.C.A. § 16-92-105. A defendant's property cannot be used for payment of costs unless an execution has been issued against the defendant's property. A.C.A. §16-92-101, -102, and -105. Such an execution cannot be issued unless the costs have been included in the court's final judgment against the defendant pursuant to A.C.A. § 16-90-113 and the defendant has failed to pay. A.C.A. § 16-92-102(a). Therefore, the county cannot be held liable for payment of the costs until a judgment is entered ordering the defendant to pay the costs, the defendant has failed to pay, an execution has been issued against the defendant's property, and that property has been deemed insufficient to pay the costs.
If the defendant has not paid the court costs because the costs were erroneously omitted from the final judgment, the county cannot be held liable for payment of the costs. It should be noted that if the costs were erroneously omitted from the final judgment, the error can be corrected by a nunc pro tunc entry of the judgment with costs included.See Villines v. State, 105 Ark. 471, 151 S.W. 1023 (1912).
Finally, I point out that if the judgment is corrected to include costs, and the defendant then fails to pay, the court can, under certain circumstances pursuant to A.C.A. § 5-4-203(a)(4), reduce or revoke the judgment for costs. That provision states:
 (4) If the court determines that the default in payment of fine or costs is not attributable to the causes specified in subdivision (a)(3)(A) of this section, the court may enter an order allowing the defendant additional time for payment, reducing the amount of each installment, or revoking the fine or costs or the unpaid portion thereof in whole or in part.
A.C.A. § 5-4-203.
The benefit of this provision is available to defendants only in the event that the courts finds that the defendant's failure to pay "was not attributable to a purposeful refusal to obey the sentence of the court, or to a failure on his or her part to make a good faith effort to obtain the funds required for payment." A.C.A. § 5-4-203(a)(3)(A).
To summarize, it is my opinion that the county cannot be held liable for payment of uncollected court costs that were not included in the final judgment. Before the county can be held liable, the judgment must be corrected by a nunc pro tunc order, the defendant must fail to pay, an execution must be issued against the defendant's property, and the property must be found insufficient to pay the costs. Although the inclusion of court costs in the final judgment is mandatory, the judge is given some discretion under certain circumstances to reduce or revoke costs.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] I also note that the costs and fees authorized by Act 1256 of 1995 (see A.C.A. § 16-10-301 et seq.) are mandatory as well, and must be included in the final judgment against a defendant.
[2] It should be noted that under the provisions of Act 1256 of 1995, neither the city nor the county can be held liable for the payment of uncollected court costs that were assessed against a defendant under the authority of that Act. See A.C.A. § 16-10-305(c).