The Honorable Shirley Walters State Representative Post Office Box 1876 Greenwood, Arkansas 72936-1876
Dear Representative Walters:
I am writing in response to your request for an opinion for an interpretation of Act 1881 of 2005, which is entitled "An Act to Ensure that Teachers receive a Thirty-Minute Uninterrupted Duty-Free Lunch Period During Each Student Instructional Day; and For Other Purposes." Specifically, you pose the following question:
 Can a school district pay the teacher by a stipend in their contract, based on the teacher's rate of pay, if they work a duty during their duty-free lunch?
RESPONSE
The relevant Act does not address how the payment is to be made, mandating only that "[a]ny teacher not receiving a duty-free lunch . . . shall be compensated at his or her hourly rate of pay for each missed lunch period. . . ." To the extent your question inquires as to whether a school district can plan from the outset, by contractual stipend, to require a teacher to work a duty during every lunch period, a question may arise as to whether this is contrary to the intent of Act 1881. The act is not entirely clear in this regard, however, and might be interpreted to allow such an arrangement, as long as the teacher is compensated for each lunch period that is not duty-free. To my knowledge, no rules or regulations have been promulgated to implement Act 1881. I therefore suggest that school district officials consult with officials at the Arkansas Department of Education and their local counsel to ensure compliance with the Act.
The Act in question, Act 1881 of 2005, amends A.C.A. § 6-17-111(a), to provide as follows:
 (a)(1) For a minimum of eighty percent (80%) of the student contact days, each Each school district in this state shall provide at least a thirty-minute uninterrupted duty-free lunch period during each student instructional day for each certified school employee in its employment.
 (2) Any teacher not receiving a duty-free lunch for a minimum of eighty percent (80%) of the student contact days shall receive an hourly per diem rate period during each student instructional day as provided in subdivision (a)(1) of this section shall be compensated at his or her hourly rate of pay for each missed lunch period unless the teacher waives his or her right to be compensated.
 (3) A school district shall be exempt from the provisions of this subsection (a) if it:
 (A) Has collectively negotiated a contract through a local teacher's association; and
 (B) The collectively negotiated contract expressly addresses a duty-free lunch period.[1]
The section above gives no further guidance other than to require a teacher to be "compensated at his or her hourly rate of pay for each missed lunch period. . . ."
I am somewhat uncertain as to the exact method of payment suggested by your question. You refer to a "stipend" in the teacher's contract, based on the teacher's rate of pay, which would be paid to the teacher if he or she "work[s] a duty" during their duty-free lunch. A "stipend" is usually defined as "a periodic payment . . . fixed or regular pay; salary."Random House Webster's Unabridged Dictionary (2d Ed. 2001) at 1872. You have not provided any information as to how this stipend would be calculated or paid. It is my understanding that school districts structure stipends in various ways, including by set dollar figure, by daily rate of pay, or as a percentage of base salary. I am thus somewhat uncertain as to the exact nature of the contemplated payment. If you are inquiring whether a school district can include a stipend in the teacher's contract whereby he or she would be paid regularly for working a duty during every lunch period, a question arises as to whether this arrangement is consistent with the intent of Act 1881. The act is somewhat unclear in this regard, however.
Subsection (a)(1) of A.C.A. § 6-16-111, as amended by Act 1881, appears to mandate that each school district provide a duty-free lunch for each certified school employee during each student instructional day. Subsection (a) uses the word "shall," which is ordinarily construed as implying that which is mandatory. In this regard, the Arkansas Supreme Court has consistently held that the word "shall" indicates that the described action is mandatory, whereas the word "may" indicates that described action is discretionary. See, e.g., Marcum v. Wengert,344 Ark. 153, 40 S.W.3d 230 (2001); Singleton v. State, 337 Ark. 503,989 S.W.2d 533 (1999). The contracting, by a school district, to pay a teacher a "stipend" or regularly recurring pay, for working a duty during the lunch period seems contrary to the Act's mandate that each district provide a duty-free lunch to certified personnel.
Subsection (a)(2) of A.C.A. § 6-17-111, as amended by Act 1881, however, requires that any teacher not receiving a duty-free lunch period during each student instructional day be compensated at his or her hourly rate or pay for each missed lunch period. The only penalty, therefore, for failing to provide a duty-free lunch is that the district must compensate the teacher for the lunch period. This subsection appears to qualify subsection (a)(1)'s mandatory requirement to provide a duty-free lunch. The question arises, therefore, whether the intent of Act 1881 was to require school districts to arrange personnel responsibilities to provide a duty-free lunch for all certified personnel, with compensation to be paid only for sporadic non-duty-free lunches, or whether the intent was to require either the provision of duty-free lunches for certified personnel, or to ensure that teachers receive compensation for non duty-free lunch periods. The language of the act is somewhat uncertain in this regard.
Accepted rules of statutory construction provide that the title of an act, although not controlling, may serve to resolve ambiguities in the body of the act. See, e.g., Routh Wrecker Service Inc. v. Wins,312 Ark. 123, 847 S.W.2d 707 (1993). Although the title of an act is no part of a law, it may be used to construe the language thereof where an ambiguity exists. Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538
(1995). Unless the language of the act is ambiguous, however, the title is not resorted to for the purpose of construction, and the title of an act cannot overcome the meaning of plain and unambiguous words used in its body. Weir v. U.S., 339 F.2d 82 (8th Cir. 1964). The title of the Act is "An Act to Ensure That Teachers Receive a Thirty-Minute Uninterrupted Duty-Free Lunch Period During Each Instructional Day; and For Other Purposes." The title of the Act does not suggest that its purpose is to ensure either the provision of a duty-free lunch or
that teachers be compensated if they are not provided a duty-free lunch. The plain language of the Act itself, however, admits of the possibility that if duty-free lunches are not provided, school districts will compensate teachers at their hourly rate of pay.
I cannot come to any definite conclusions regarding the intention of the Act in light of the above. Legislative clarification would be helpful in defining the extent of a school district's authority in this regard and the method of any required payments. In the interim, school districts should consult their local counsel and the Arkansas Department of Education to ensure compliance with the Act.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Underlined language indicates additions to the statute and stricken language indicates language removed from the statute.