The Honorable Lamont Cornwell State Representative 1508 Hidden Valley Drive Benton, Arkansas 72019-2193
Dear Representative Cornwell:
I am writing in response to your request for an opinion on the following:
 On behalf of the Saline County Circuit Clerk, I am seeking your office's opinion on the following questions:
 1. A.C.A. § 18-60-601 to-610 provides a procedure to confirm title acquired at a tax sale. Specifically, A.C.A. § 18-60-603(d) requires the circuit court to notify any delinquent tax owner or owners at their last known address by registered mail at least twenty (20) days before the application for confirmation of title is submitted to the court for trial (emphasis added). Must the circuit clerk provide this notice by registered mail rather than certified mail or other less expensive forms of mail service?
 2. If the circuit clerk is required to provide this notice by registered mail, can the cost of mailing by this method be charged to the petitioner for confirmation of title? *Page 2 
RESPONSE
In my opinion, the answer to your first question is "no" pursuant to A.C.A. § 1-2-122 (Repl. 1996). Because, in my opinion, the answer to your first question is "no," it is unnecessary to answer your second question.
Question One: Does A.C.A. § 18-60-603(d) require a circuit clerk touse registered mail to notify delinquent property owners before theapplication for confirmation of title acquired at a tax sale issubmitted to the court for trial?
In my opinion, the answer to your question is "no."
The Arkansas Code provides a procedure to confirm title to real property purchased at a public sale. A.C.A. §§ 18-60-601 through-610 (Repl. 2003 Supp. 2007). Section A.C.A. 18-60-603 (Supp. 2007) sets forth the notice requirements to comply with this statutory procedure, including notice by publication and mail. In pertinent part to your request, A.C.A. § 18-60-603(d) states:
 The clerk of the court shall notify any delinquent tax owner or owners at their last known address by registered mail at least twenty (20) days before the application for confirmation is submitted to the court for trial.
Id. (emphasis added).
Your question is whether this subsection requires the clerk to use registered mail or whether the clerk may use alternate methods to mail the required notice. Generally, use of the word "shall" is held to demonstrate a mandatory action, whereas the word "may" indicates a described action that is discretionary. See, e.g., Marcum v.Wengert, 344 Ark. 153, 40 S.W.3d 230 (2001); and Singleton v.State, 337 Ark. 503, 989 S.W.2d 533 (1999); see also Ops. Att'y Gen.2006-181; 2005-123; 2000-087; and 97-218. However, the Arkansas Code specifically allows the use of certified mail with return receipt requested in lieu of registered mail. A.C.A. § 1-2-122. Specifically, this section states:
 (a) Anything permitted or required by the laws of this state to be served or transmitted by registered mail, except when required by *Page 3 
any law promulgated by the National Conference of Commissioners on Uniform State Laws and referred to as a uniform state law, may be transmitted either by registered mail or by certified mail with return receipt requested, and return receipts for the delivery of certified mail shall be received in the courts as evidence of delivery to the same extent as return receipts for the delivery of registered mail.
A.C.A. § 1-2-122(a).
The unambiguous authority of A.C.A. § 1-2-122 appears to allow a circuit clerk to mail notice to delinquent tax owners by certified mail with return receipt requested in lieu of registered mail. The subchapter establishing the procedure to confirm title to real property purchased at a public sale, A.C.A. §§ 18-80-601 through-610, is not a uniform state law promulgated by the National Conference of Commissioners on Uniform State laws. The legislature is presumed to know the laws already enacted. See, e.g., Bunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132
(2001). The failure to include an exemption to alternate mailing authorization in A.C.A. § 1-2-122 when drafting A.C.A. § 16-80-603(d), therefore, demonstrates that the General Assembly did not intend A.C.A. § 18-60-603(d) to control over A.C.A. § 1-2-122 when mailing notice to delinquent tax owners.
In my opinion, while A.C.A. § 18-60-603(d) requires the use of registered mail, a clerk may use certified mail with return receipt requested pursuant to A.C.A. § 1-2-122 to comply with the applicable notice requirements in A.C.A. § 18-60-603(d).
In my opinion, therefore, the answer to your question is "no," a clerk is not required to use registered mail.
Question Two: If the circuit clerk is required to provide this noticeby registered mail, can the cost of mailing by this method be charged tothe petitioner for confirmation of title?
Because, in my opinion, the answer to Question One is "no," it is unnecessary to answer Question Two. *Page 4 
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1